GILBERT, ADMINISTRATOR OF SELLECK, *v.* DAVID, ADMINISTRATRIX OF SELLECK.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF CONNECTICUT.

No. 97. Argued December 4, 1914.—Decided January 5, 1915.

As § 37, Judicial Code, does not prescribe any particular mode by which the question of jurisdiction shall be raised, the method of raising that question may be left to the sound discretion of the trial judge; and, if the state practice admits, the issue may be raised by general denial in the answer.

While the trial court may submit the question of a party's residence to the jury, it is not bound to do so; and in this case the court properly exercised its privilege to dispose of that issue on the testimony.

In this case the defendant was not chargeable with laches because he did not force to trial the issue of plaintiff's citizenship.

The fact that delay in determining the issue of citizenship results in the statute of limitations applying, does not confer jurisdiction on the Federal court if diverse citizenship does not exist.

Where the record in a case dismissed by the District Court for want of jurisdiction on account of absence of diverse citizenship brings up the testimony, this court must consider it and determine whether the trial court rightly decided that plaintiff was a citizen of the same State as defendant.

If plaintiff, at the commencement of the action, be domiciled in a dif-

ferent State from that of defendant he is a citizen of that State within the meaning of the Judicial Code.

Change of domicile arises where there is a change of abode and the absence of any present intention to not reside permanently or indefinitely in the new abode; and this notwithstanding a floating intention of returning to the former place of domicile after completion of the object for which the change was made.

In this case *held* that the acts of the plaintiff in regard to his change of residence indicated a change of domicile to the State in which defendant resided prior to commencement of the action, and diverse citizenship did not then exist.

THE facts, which involve the jurisdiction of this court under § 238, Judicial Code, and the construction of § 37, Judicial Code, and the jurisdiction and duty of the District Court thereunder, are stated in the opinion.

*Mr. Howard W. Taylor* for plaintiff in error:

Under the pleadings as they stood the court was without power to dismiss the case for want of jurisdiction due to lack of diversity of citizenship, and the order or judgment of dismissal was a nullity.

Under the facts proven, the court erred in holding that the evidence showed the plaintiff to be a citizen of Connecticut.

The laches of the defendants in failing to raise the question of jurisdiction until after a period of three years had elapsed from the accrual of the cause of action and for over two years after the filing of the substituted complaint required the trial court, in the exercise of the proper discretion, to refuse to consider the question of jurisdiction after the lapse of so many years.

An analysis of the evidence shows that the court in its deductions therefrom applied a wrong principle of law in the consideration of the evidence and failed to apply the correct principle.

The judgment should be reversed and the trial court

directed to entertain jurisdiction and hear the case upon its merits, or proper issues should be framed as to the jurisdiction and a trial had thereon.

In support of these contentions, see *Adams* v. *Herald Publishing Co.*, 82 Cons. 448; *Adams* v. *Shirk*, 117 Fed. Rep. 805; *Briggs* v. *Trader's Co.*, 145 Fed. Rep. 254; *Brown* v. *Gillett*, 33 Washington, 74; *Chambers* v. *Price*, 75 Fed. Rep. 177; *Chase* v. *Wetzler*, 225 U. S. 79; *Cuthbert* v. *Galloway*, 35 Fed. Rep. 466; Conn. Statutes, Rev. 1902, § 2313; *Deputron* v. *Young*, 134 U. S. 252; Danbury City Charter, §§ 25, 27; *Every Evening Printing Co.* v. *Butler*, 144 Fed. Rep. 916; *Farmington* v. *Pillsbury*, 114 U. S. 138; *Fiske* v. *Hartford*, 69 Connecticut, 390; *Foster* v. *Railway Co.*, 56 Fed. Rep. 434; *Gaddie* v. *Main*, 147 Fed. Rep. 955; *Hedge* v. *Clapp*, 22 Connecticut, 262–270; *Hart* v. *Granger*, 1 Connecticut, 170; *Hartog* v. *Memory*, 116 U. S. 590; *Hill* v. *Walker*, 167 Fed. Rep. 248; *Howe* v. *Howe & O. B. B. Co.*, 154 Fed. Rep. 820; *Ill. Cent. R. R.* v. *Adams*, 180 U. S. 38; *Imperial Ref. Co.* v. *Wyman*, 38 Fed. Rep. 574; *In re Cleland*, 218 U. S. 122; *Jones* v. *League*, 18 How. 76; *Jones* v. *Subera*, 150 Fed. Rep. 462; *Kirven* v. *Virginia-Carolina Co.*, 145 Fed. Rep. 288; *Kilgore* v. *Norman*, 119 Fed. Rep. 1006; *Kuntz* v. *Davidson County*, 6 Lea (Tenn.), 65; *Lebensberger* v. *Schofield*, 139 Fed. Rep. 382; *National Accident Ass'n* v. *Sparks*, 83 Fed. Rep. 225; *Nichols* v. *Ansonia*, 81 Connecticut, 229; *On Yuen Co.* v. *Ross*, 14 Fed. Rep. 338, 37 Cyc. 811; *Opinion of the Justices*, 7 Massachusetts, 523; *Perkins* v. *Perkins*, 7 Connecticut, 565; *Pike County* v. *Spencer*, 192 Fed. Rep. 11; *Reckling* v. *McKinstry*, 185 Fed. Rep. 842; *Rucker* v. *Bolles*, 80 Fed. Rep. 504; *Railway Co.* v. *Ohle*, 117 U. S. 123; *State* v. *Ross*, 23 N. J. Law, 517; *Terry* v. *Day*, 107 Fed. Rep. 50; *Toledo Traction Co.* v. *Cameron*, 137 Fed. Rep. 55; *Wetmore* v. *Rymer*, 169 U. S. 120; *Wiemer* v. *Louisville Water Co.*, 130 Fed. Rep. 244; *Williamson* v. *Osenton*, 232 U. S. 619; *Wil-*

liams v. Mairs, 72 Connecticut, 430; 2 Wigmore on Ev.,
§§ 1028–1030.

Mr. Frederick H. Wiggin and Mr. A. T. Bates for defendants in error:

The plaintiff was domiciled in and was a citizen of Connecticut when the action was brought, and was not a citizen of Michigan.

It was not error to render judgment upon the pleadings as they stood.

The court did not err in ruling that the claimed running of the statute of limitations could not save this action, notwithstanding defendant's alleged failure to introduce evidence of plaintiff's citizenship until after the limitation period had expired.

The court committed no error in taking the question of jurisdiction from the jury.

The court committed no error in refusing to hear argument upon the question of jurisdiction.

The trial court did not err in admitting in evidence and considering the tax lists.

In support of these contentions, see Anderson v. Wait, 138 U. S. 694; Barnes v. Benham, 75 Pac. Rep. 1130; Baker v. Lee, 52 Connecticut, 145; Banks v. Porter, 39 Connecticut, 307; Barry v. Edmunds, 116 U. S. 550; Butler v. Farnsworth, Fed. Cas. § 2240; Briscoe v. Dist. of Columbia, 221 U. S. 547; Burchett v. United States, 194 Fed. Rep. 821; Bradish v. Grant, 119 Illinois, 606; Chase v. Wetzlar, 225 U. S. 79, 85; Columbia Heights Co. v. Rudolph, 217 U. S. 547; Conn. Gen'l Stats., §§ 609, 1110, 1114, 1127, 2313, 2323; Conn. Rules of Practice, §§ 155, 155a; Conn. Rules of Court, § 12; Conn. Public Acts 1913, ch. 206; Comstock v. Waterford, 85 Connecticut, 9; Const. Conn., Art. VIII; Davis v. Dixon, 184 Fed. Rep. 509; Deering v. Halbert, 12 Kentucky, 290; Deputron v. Young, 134 U. S. 241; First National Bank v. Home Bank, 21 Wall.

294; *Globe Co.* v. *Lauder Co.*, 190 U. S. 540; *Harrison* v. *Park*, 24 Kentucky, 170; *Hartog* v. *Memory*, 116 U. S. 588; *Hill* v. *Walker*, 167 Fed. Rep. 241, 261; *Jones* v. *Subera*, 150 Fed. Rep. 462; *Lloyd* v. *Chapman*, 93 Fed. Rep. 599; *Mast Co.* v. *Superior Co.*, 154 Fed. Rep. 45; *Mitchell* v. *United States*, 21 Wall. 352; *Morris* v. *Gilmer*, 129 U. S. 327; *Olmstead's Appeal*, 43 Connecticut, 110; *Pac. Mut. Ins. Co.* v. *Tompkins*, 101 Fed. Rep. 539; *Reckling* v. *McKinstry*, 185 Fed. Rep. 842; Rev. Stat., § 997; Rule 35, Supreme Court; *Roberts* v. *Lewis*, 144 U. S. 653; *Rosenbaum* v. *Bauer*, 120 U. S. 450, 459; *Sayles* v. *Fitzgerald*, 72 Conn. 391, 396; *Shelton* v. *Tiffin*, 6 How. 185; *Simpson* v. *First Nat'l Bank*, 129 Fed. Rep. 257; *Steigleder* v. *McQuestion*, 198 U. S. 141; 36 Stat., p. 1098, § 37; *Smithers* v. *Smith*, 204 U. S. 632; *Sullivan* v. *Iron Co.*, 143 U. S. 431; *Wells Co.* v. *Gastonia Co.*, 198 U. S. 177, 182; *Wetmore* v. *Rymer*, 169 U. S. 115; *Williamson* v. *Osenton*, 232 U. S. 619, 625; *Williams* v. *Nottawa*, 104 U. S. 209; *Wildman* v. *Ryder*, 23 Connecticut, 172; 2 Wigmore Ev., pp. 1216, 1220.

MR. JUSTICE DAY delivered the opinion of the court.

This case is here upon writ of error and certificate presenting the question of jurisdiction of the District Court. It comes under § 238 of the Judicial Code, and presents to this court the question of jurisdiction only. The suit was begun on November 5, 1904, in the United States Circuit Court for the District of Connecticut. On May 24, 1905, a substituted complaint was filed. The object of the suit was to recover for alleged breaches of a certain indemnity contract set forth in the complaint. In this substituted complaint, as well as in the original complaint, the allegation as to diverse citizenship is that plaintiff is a citizen of the State of Michigan, and defendants are citizens of the State of Connecticut. On August 3, 1907, an answer was

filed, in which it was admitted that the defendants were citizens of the State of Connecticut, and it was averred that the defendants had no knowledge or information as to the citizenship of the plaintiff, and would "leave him to proof thereof." On April 27, 1911, the defendants filed a motion to dismiss the suit for want of jurisdiction. On October 5, 1911, defendants filed another motion to dismiss for want of jurisdiction. On October 6, 1911, the plaintiff filed a motion to strike the last-mentioned motion from the files. Both of the motions to dismiss were upon the ground that the plaintiff was not a citizen of the State of Michigan but was a citizen of the State of Connecticut. The motion of the plaintiff to strike the last-mentioned motion from the files was upon the ground, among others, that the motion was an improper and irregular method of raising the question of jurisdiction and because that matter was already in issue under the allegations of complaint and answer.

After the taking effect of the Judicial Code on January 1, 1912, the case was transferred to the District Court of the United States for the District of Connecticut. On August 26, 1912, a jury was impanelled, and the case came on for trial. The court directed that the trial should proceed upon the question of jurisdiction. Thereupon the parties proceeded to offer testimony upon the question of plaintiff's residence. At the conclusion of this testimony, the court found that the plaintiff and defendants were citizens of the State of Connecticut at the time the action was begun, and accordingly dismissed the suit upon the sole ground of want of jurisdiction, and ordered the jury discharged from further consideration of the case.

The act of March 3, 1875, c. 137, 18 Stat. 470, 472, § 5, now § 37 of the Judicial Code, provides:

"If in any suit commenced in a district court, or removed from a state court to a district court of the United States, it shall appear to the satisfaction of the said dis-

trict court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

This section defines the duty of the District Court of the United States when it shall appear to its satisfaction that the suit does not really and substantially involve a dispute or controversy properly within the court's jurisdiction. While this section gives the court the right to dismiss a suit when that situation appears, whether the parties raise the question or not, it is the duty of the defendant to bring the matter to the attention of the court, in some proper way, where the facts are known upon which a want of jurisdiction appears. *Deputron* v. *Young*, 134 U. S. 241, 251. Under the former practice, before the passage of the act of 1875, above quoted, it was necessary to raise the issue of citizenship by a plea in abatement, when the pleadings properly averred the citizenship of the parties. *Farmington* v. *Pillsbury*, 114 U. S. 138, 143; *Little* v. *Giles*, 118 U. S. 596, 604. The objection may be made now by answer before answering to the merits, or it may be made by motion. *Steigleder* v. *McQuestion*, 198 U. S. 141. The statute does not prescribe any particular mode by which the question of jurisdiction is to be brought to the attention of the court, and the method of raising the question may be left to the sound discretion of the trial judge. *Wetmore* v. *Rymer*, 169 U. S. 115, 121. It may be raised by a general denial in the answer, where the state practice permits of that course. *Roberts* v. *Lewis*, 144·

U. S. 653. In the State of Connecticut, under the form of denial contained in this answer, the answer raised the issue. *Sayles* v. *FitzGerald*, 72 Connecticut, 391, 396. Moreover, the parties to the suit regarded the matter as at issue under the pleadings, and it was so held by the court. The motion of the plaintiff to strike off the motion to dismiss for want of jurisdiction was based upon the ground that that issue was already made in the pleadings. The question was properly before the court.

It is also insisted that the court erred in itself considering the testimony and in not submitting the issue to the jury. But while the court might have submitted the question to the jury, it was not bound to do so, the parties having adduced their testimony, pro and con, it was the privilege of the court, if it saw fit, to dispose of the issue upon the testimony which was fully heard upon that subject. *Wetmore* v. *Rymer*, 169 U. S. 115, *supra*.

It is urged that the delay in making the issue and bringing it to a hearing was such laches upon the part of the defendants as to preclude the consideration of the question. The issue was made when the answer was filed, but for some reason neither party forced the case to trial. Apart from the imperative duty of the court to dismiss the action under the statute, when it appears that the case is not within the jurisdiction of the court, we find nothing in the conduct of the parties to support the suggestion of laches. If it be true that the statute of limitations would prevent the beginning of a new action in the state court, that fact cannot confer jurisdiction upon a court of the United States in the absence of a showing of diverse citizenship.

As the record brings up the testimony upon which the court below decided the question, it becomes the duty of this court to consider it and determine whether the court rightly found that the plaintiff at the beginning of the suit was not a citizen of the State of Michigan. *Wetmore*

*v. Rymer*, 169 U. S. 115, *supra.* If the plaintiff was domiciled in the State of Michigan when this suit was begun, he was a citizen of that State within the meaning of the Judicial Code. *Morris* v. *Gilmer*, 129 U. S. 315. *Williamson* v. *Osenton*, 232 U. S. 619, 624. In this case it clearly appears that for some years prior to 1890 the plaintiff lived in Menominee, in the State of Michigan. He had there a home, and exercised the ordinary duties and privileges of citizenship. In February, 1890, his uncle died in Connecticut, and the plaintiff immediately went to Danbury, in that State, where he remained practically all the time until his death in 1911.

The question is, Had he lost his domicile in Michigan and acquired one in Connecticut, so that he was at the beginning of the suit in 1904 in reality a citizen of the last-mentioned. State?

This matter of domicile has been often before this court, and was last under consideration in the case of *Williamson* v. *Osenton*, 232 U. S. 619, *supra.* In that case the definition of domicile, as defined by Mr. Dicey, in his book on "Conflict of Laws," 2d ed., 111, is cited with approval. There change of domicile is said to arise where there is a change of abode and "the absence of any present intention to not reside permanently or indefinitely in the new abode." Or, as Judge Story puts it in his work on "Conflict of Laws," 7th Ed., § 46, page 41, "If a person has actually removed to another place, with an intention of remaining there for an indefinite time, and as a place of fixed present domicile, it is to be deemed his place of domicile, notwithstanding he may entertain a floating intention to return at some future period." "The requisite animus is the present intention of permanent or indefinite residence in a given place or country, or, negatively expressed, the absence of any present intention of not residing there permanently or indefinitely." *Price* v. *Price*, 156 Pa. St. 617, 626.

Applying these definitions to the conduct of plaintiff, we have no doubt that the court was right in holding that he had acquired a new domicile in the State of Connecticut. He removed there with his family, and occupied a house to which he held the title. He owned other real estate in Connecticut, inherited from his uncle. He took a letter from his church in Michigan to a church in Danbury, Connecticut. For about ten years he was not back in Michigan, except for a short time, and then for a temporary purpose. The Michigan homestead and much of the furniture used there were sold upon the removal to Connecticut. For more than ten years he resided continuously with his family in the same house in Danbury, Connecticut. While the plaintiff did not vote in Connecticut, as far as the record shows, it is in evidence that he declared to another his intention of becoming a voter there. To some witnesses he declared his purpose to reside in Connecticut. As against this testimony, it appears that he left his desk with his brother-in-law in Michigan, which he declared was for the purpose of "holding his residence there." To some witnesses he declared his intention to live in Michigan and expressed his preference for that State as a dwelling-place. He continued to pay membership dues to orders to which he belonged in Michigan.

It is apparent from all the testimony that the plaintiff may have had, and probably did have, some floating intention of returning to Michigan after the determination of certain litigation and the disposition of his property in Connecticut should he succeed in disposing of it for what he considered it worth. But as we have seen, a floating intention of that kind was not enough to prevent the new place, under the circumstances shown, from becoming his domicile. It was his place of abode which he had no present intention of changing, that is the essence of domicile.

We find no error in the conclusion of the District Court upon the question of jurisdiction, and its judgment is therefore

*Affirmed.*