# FLORENTINA SANTIAGO Y MUÑIZ ET AL. Plffs.,

*v.*

# MIGUEL AMANGUAL, Dft.

---

San Juan, Law, No. 1024.

ON MOTION FOR NEW TRIAL.

Citizenship—Proof of.
> 1. It would seem the better plan to prove citizenship of the parties, and not rely upon there being no negative proof.

New Trial—Bond.
> 2. Where the defendant is in possession of land and is granted a new trial, the court may require him to execute a bond as a condition to cover damages of the plaintiff in the meanwhile.

Opinion filed April 5, 1915.

*Messrs. H. G. Molina* and *R. J. Van Deusen* for plaintiffs..

*Messrs. Savage & Francis* for defendant.

HAMILTON, Judge, delivered the following opinion:

This case involves many questions as to title to real property in Porto Rico, and the motion for a new trial alleges many grounds.

1. The plaintiffs made no proof of the citizenship jurisdictional requirements for suit, and relied upon the case of Hill v. Walker, 92 C. C. A. 633, 167 Fed. 241. The court adopted this view. Since that time there have been decisions by the Supreme Court and perhaps other courts,—as in Gilbert v. David, Jan. 5, 1915 [235 U. S. 561, 59 L. ed. 360, 35 Sup. Ct. Rep. 164], in the Supreme Court,—which would seem to call for reconsideration of the point. It would be the better course, therefore, to allow a new trial, upon which either proof can be made or the law point reargued.

In this view of the case it is unnecessary to consider the other points raised in the motion for a new trial. They will come up in due course upon the trial itself.

2. The land in controversy ought to remain in the same condition that it was at the time of judgment. Granting a new trial should not be construed as enabling the defendant to place the plaintiffs in any worse condition as to title than at the time of trial. The motion for a new trial will therefore be granted, but there will be incorporated in the order such conditions under the local statute for the effectiveness of judgments or otherwise as will secure this result. Sometimes it is expressed as an order for the judgment to stand as security for the result

of the new trial. In the local act of March 1, 1902 (Rev. Stat. [Porto Rico] § 5234), to secure the effectiveness of judgments it is provided that this may be done by an order prohibiting the alienation or encumbering of the property in suit until a final judgment. Sometimes an annotation of the suit in the registry of property will serve the purpose. In the case at bar, however, these methods seem insufficient. The sworn allegation is that since the judgment in this case the defendant, who now applies for a new trial, has removed the coffee crop, amounting to over $1,000 in value, and so by his own act has placed the plaintiffs, if there is a new trial, in a worse condition than they were upon the first trial. The court does not decide whether the defendant has done as charged or not, but it is right, on defendant's applying to the court's discretion to grant a new trial, that the defendant himself put the plaintiffs in practically the same position that they were originally. 29 Cyc. 1014.

The clerk will therefore enter an order granting a new trial conditioned upon the defendant's filing an approved bond for $1,000 to cover damages, if any, that may be allowed by the jury on a new trial.