MABEL SOLDINI Joined by Her Husband, D. SOLDINI,

v.

SANCHEZ MORALES & COMPANY, a Corporation.

---

San Juan, Law, No. 1362.

APPLICATION FOR NEW TRIAL.

Domicil—Proof.
    1. Domicil must be proved in a case the same as any other fact.

Soldini v. Sanchez Morales & Co..

Domicil—New Proof.
> 2. Where proof of domicil not used on the trial is shown on the application for a new trial, new trial will be granted, but at the cost of the applicant.

Evidence—Change of Rule.
> 3. Where previous to 1917 there had been no necessity for proof of domicil, a party could not be required to preserve evidence of the fact.

Evidence—Rule of Repose.
> 4. Domicil is a question of fact of residence and intention of remaining. How far the statute of repose of twenty years will apply is not decided.

Opinion filed May 10, 1920.

---

*Mr. E. B. Wilcox* for plaintiff.

*Mr. Jaime Sifre, Jr.,* for defendant.

HAMILTON, Judge, delivered the following opinion:

Application is made for a new trial on the ground of erroneous instructions by the court and for the discovery of new evidence by the plaintiff.

1. The supposed errors in the instructions have been carefully examined, but the court is satisfied that the general charge was correct and the general tendency of the instructions was proper. There seems to be a difference in the authorities as to the amount and burden of evidence necessary as to domicil. In Barry v. Edmunds, 116 U. S. 550, 29 L. ed. 729, 6 Sup. Ct. Rep. 501; Wetmore v. Rymer, 169 U. S. 122, 42 L. ed. 684, 18 Sup. Ct. Rep. 293, there seems to be required a "legal cer-

Soldini v. Sanchez Morales & Co.

tainty" to justify failure of jurisdiction under the Act of Congress of March 3, 1875, 1 Bates, Fed. Practice, § 253. It is impossible that this means the filing of a sworn complaint shall prove the facts necessary for jurisdiction in all cases or throw the burden on the defendant. Jurisdiction of the court must be shown by the plaintiff the same as any other part of his case, in order to assure due process of law.

2. The new evidence secured by the plaintiff, however, tends to place the case in a somewhat different condition from that at the time of trial. The affidavits tend to show that the plaintiff and her husband not only always intended to return to Oregon, but that they consistently expressed their intention, and were in the act of preparing to leave when this cause of action accrued. If this had been shown at the trial the result might well have been different. Why it was not shown is not clearly explained. It is only said that persons to whom such statements were made by the parties have recollected these statements better than the parties and since the trial have reminded the parties of them. This is sufficient to make the plaintiff guilty of negligence.

3. The important point is how far Congress has the power to change the rule of evidence designed for the protection of American residents. Up to 1917, domicil was not required, and there was nothing to cause parties to preserve evidence on the subject. It is questionable whether the law requiring proof of domicil can be extended back of the date of the statute in question. For this reason it would seem that it would be better in the first case which has come up under the new act, to allow a greater latitude in proof for the protection of American residents, than would otherwise be the case. The meaning of the

Soldini v. Sanchez Morales & Co.

law has not been settled, and parties could not be held to know what its construction properly is.

4. It would be better not to lay down any fixed rule until the evidence is presented, subject to proper objections. It need only be said that domicil is a question of fact of residence and intention of remaining, and that the mere floating intention to return is not sufficient. Gilbert v. David, 235 U. S. 569, 59 L. ed. 363, 35 Sup. Ct. Rep. 164; 19 C. J. 407. How far the statute of repose of twenty years should apply, as indicated on the formal trial, need not be defined at present. Ever since the time of the Roman Jurisconsults, greater stress has properly been laid upon acts than mere words in the case of domicil.

For these reasons it would seem best for the court to permit a new trial, but at the same time protect the defendant against the expense to which he has been put by the failure of the plaintiff to have the necessary evidence ready.

Therefore, a new trial will be granted provided the plaintiff within ten days pays the taxable costs of the trial already had, otherwise the motion will, on the 11th day hereafter, be considered practically denied.

It is so ordered.