*l* Rodriguez v. Soler.

# ENRIQUE GONZÁLEZ RODRÍGUEZ, Complainant,

*v.*

## JOSÉ RUIZ SOLER, Defendant.

San Juan, Equity, No. 1048.

MOTION TO DISMISS.

Spaniards in Porto Rico—Non-domicil.

1. The question of domicil vel non is jurisdictional with the Federal court of Porto Rico and depends upon the facts of each particular case.

Domicil—Spaniards.

2. The tendency in Porto Rico is for the Spaniards who are here in business to return ultimately to Spain; and the facts are to be looked at in this light.

Domicil—Intention to Move.

3. Where there is a definite intention to move, but the date for doing this is floating or flexible, depending upon business circumstances, local domicil does not exist.

Domicil of Birth—Change.

4. Where a man is born a Spaniard and there are no facts showing an intention to change, he still remains a Spaniard. Members of the Cortes are presumed to be Spaniards domiciled in Spain.

Amendment—Jurisdiction.

5. The plaintiff has a right to amend his bill upon proper notice, including the addition of jurisdictional facts.

Opinion filed July 30, 1920.

*Messrs. Francis* and *De la Haba* for plaintiff.

*Messrs. Marlin* and *Jaime Sifre, Jr.,* for defendant.

Rodriguez v. Soler.

HAMILTON, Judge, delivered the following opinion:

In the case at bar the plaintiff is a Spanish subject, resident in Porto Rico, and the defendant is an American citizen under the Jones Act of 1917 extending American citizenship to Porto Ricans. A motion has been made to dismiss the bill for lack of jurisdiction by this court of the person of the plaintiff. The motion was heard upon evidence of the plaintiff himself and was submitted. During the course of the hearing the plaintiff moved to amend his bill so as to show that he was and now is not domiciled in Porto Rico. This motion also was taken under advisement and the two motions will now be decided.

The facts brought out upon the hearing can be best stated in connection with the points involved.

1. The Organic Act of March 2, 1917 [39 Stat. at L. 965, chap. 145, Comp. Stat. § 3803 qq, Fed. Stat. Anno. Supp. 1918, p. 626], in § 41, gives this court "jurisdiction of all controversies where all of the parties on either side of the controversy are citizens or subjects of a foreign state or states, or citizens of a state, territory or district of the United States, not domiciled in Porto Rico." The question in this case, therefore, is whether the plaintiff, who is admittedly a Spaniard, is domiciled in Porto Rico. The Supreme Court in the recent case of Porto Rico R. Light & P. Co. v. Mor [253 U. S. 345, 64 L. ed. 944, 40 Sup. Ct. Rep. 516] decided that the clause "domiciled in Porto Rico" shall be held as applicable as well to citizens of foreign states as to citizens of the United States, of any of the United States. The question of domicil vel non depends upon the facts of each particular case. 9 R. C. L. 6.

XII. Porto Rico.—5.

Rodriguez v. Soler.

2. There is a clear distinction between residence, home, domicil, and citizenship, although all have some points in common. The question usually comes up in American courts as between citizens of different states of the Union, the party in question being an American nevertheless. There is therefore no inference one way or the other growing out of citizenship. In Porto Rico, however, the question frequently arises in a different form. There are a great many French, English, Italians, and especially Spaniards, in Porto Rico, brought here by business or left over from residence under the Spanish flag. It would appear that a new element is injected into the question under these circumstances. It is a matter of common knowledge that Spaniards generally have the intention of ultimately returning to Spain. Looking at the course of business in Porto Rico, it seems to be the fact that Spaniards remaining here from Spanish times or coming here during American times are active business men, and generally stay here for business purposes, and go back to Spain when they have accumulated some money. The question of their bringing over young relatives, frequently nephews, to succeed them and carry on the business, is one of the common accusations as between Spaniards and Porto Ricans, although it is not intended by mentioning this to hold that the complaint is well-founded in all cases. This proclivity for returning to the European home is common, especially to the Latin races of Europe. The English and Germans seem more content to make their permanent home away from their original home land, fatherland, whatever may be the fact as to the feelings they retain. The question of domicil in Porto Rico therefore would be incompletely considered unless this element is taken into account.

Rodriguez v. Soler.

3. A person's residence is where he lives, regardless of his intention in regard to permanence. Man being under modern conditions such a migratory animal, there is no word for permanent residence. "Domicil" is the nearest approach, and that embraces not only residence but intention of remaining permanently. It is sometimes expressed with reference to indefinite residence. In Gilbert v. David, 235 U. S. 569, 59 L. ed. 363, 35 Sup. Ct. Rep. 164, Judge Story is quoted approvingly as saying, if a person has actually removed to another place with an intention of remaining there for an indefinite time, and as a place of fixed present domicil, it is to be deemed his place of domicil, notwithstanding he may entertain a floating intention to return at some future period. Conflict of Laws, § 46. The court adds, the requisite animus is the present intention of permanent or indefinite residence in a given place or the absence of any present intention of not residing there permanently or indefinitely. In this case, therefore, permanence and indefiniteness are used interchangeably. In United States v. Chong Sam, 47 Fed. 885, it is said that actual residence with the intention of remaining indefinitely, not a purpose of permanent residence, is essential to the acquisition of a new domicil. It is clear that residence obtained merely for the purpose of carrying on business, for health, pleasure, or education of children, is not sufficient to constitute domicil. 14 Cyc. 841. The animus manendi alone is not sufficient, nor is physical presence sufficient. Both must unite to create domicil. Minor, Confl. L. § 62.

What are the facts on this point in the present case as to the plaintiff? In the testimony the plaintiff said in answer to the question whether he had any fixed time for leaving Porto Rico

for good, that he had not thought of it yet. In reply to the question, "When did you intend to leave Porto Rico for good?" he said, "I have not taken that determination yet." This standing by itself might be interpreted that he had not any fixed intention to leave Porto Rico, but in this court the process of translation of question and answer from English into Spanish and vice versa must be taken into account, and it occurred to the court that such was the case here, and the court therefore asked additional questions. The answers to these showed beyond doubt that the witness had and has a definite intention to leave Porto Rico, but that business reasons prevent his being able to fix an exact date as yet for carrying out this intention. The testimony and the manner of the witness convinced the court that this is a proper interpretation of his evidence. In other words, to use Judge Story's expression, this is not a case of a floating intention to move. The intention is not at all floating, for it is perfectly definite. But for the World War it would apparently already have been carried out. Plaintiff is interested in sugar, sugar lands and factories, and on account of the high price of sugar it is probably impossible for anyone to fix a time in which it would be advisable to close up his sugar business. The same might be true of other forms of business also, for world conditions make certain forms of business remunerative; and this will continue for several seasons to come. The point that is floating, if that be the proper word in any respect, is not the intention, but the conditions rendering it possible to execute the intention. In other words, so far as the plaintiff himself is concerned, there is nothing indefinite. The indefiniteness arises from facts not within his control.

Rodriguez v. Soler.

4. It is possible, however, to approach the solution of this question from another angle. Every man must have some domicil. No one is like Mahomet's coffin,—suspended in the air. A rule which is of great assistance where other points are doubtful is in connection with the former domicil of the party. If it cannot be shown that a domicil has been changed, the original domicil continues. Whart. Confl. L. § 35; Anderson v. Watt, 138 U. S. 706, 34 L. ed. 1082, 11 Sup. Ct. Rep. 449. Where a domicil is proved, the burden of proving a change lies upon the one alleging the change. Desmare v. United States, 93 U. S. 605, 23 L. ed. 959. The essential fact that shows a change of abode or domicil is the absence of any intention to live elsewhere than the new residence. Williamson v. Osenton, 232 U. S. 619, 58 L. ed. 758, 34 Sup. Ct. Rep. 442; Dicey, Confl. L. 111. In order to effect the change of domicil, there must be an actual abandonment of the first domicil, coupled with an intention of not returning to it. 9 R. C. L. § 6. The place where a person lives is taken to be his domicil until facts adduced establish the contrary, and a domicil when acquired is presumed to continue until it is shown to have been changed. Anderson v. Watt, 138 U. S. 706, 34 L. ed. 1082, 11 Sup. Ct. Rep. 449.

In the case at bar, plaintiff was born, it is true, in Porto Rico, but born when Porto Rico was Spanish, and at the time of change of flag it would seem that he was living in Spain, although he might have been in Porto Rico casually about that time. He married a Spanish lady in Spain, before and since the American occupation of Porto Rico was a member of the Spanish Cortés, representing the district of Saragossa which is at present still represented by his nephew. When he came

here in 1912 he registered himself and family as Spaniards at the Spanish Consulate, has never voted in Porto Rico since the American occupation nor taken any part in politics directly or indirectly. He had lived in Spain for a number of years and returned to Porto Rico when as a matter of public knowledge it is known that there was a crisis as to the tariff on sugar; came here with the intention of setting up his sugar business, and has remained here since most of the time because the World War made it profitable to continue that business. Nevertheless, he has not had the intention of changing his Spanish domicil. The Supreme Court in one case said that the exercise of political rights, such as voting, was conclusive evidence of domicil. This may have been obiter and has been doubted; but it is inconceivable that in a country where classes and precedents are so strict as in Spain, a man could be admitted to the Cortés, particularly to the upper branch, unless he was a Spaniard, as required by the Constitution, and also fully domiciled in Spain. Since the Spanish-American War Spain has no colonies and is limited to the peninsula, excepting a few outlying islands. The Spanish Constitution does not seem to use the word "domicil" in speaking of members of the Cortés, but it must be held as fully implied. At the time he was a member of the Cortés, the plaintiff must be held to have been domiciled in Spain. Plaintiff still has a definite intention to return to Spain as soon as sugar conditions admit.

5. An amendment to the bill was offered at the hearing, to the effect that the plaintiff was not domiciled in Porto Rico. It was not passed upon at the time, but was taken under submission. The plaintiff has a right to amend his bill at any time, upon proper notice, and there seems to be no reason why

Rodriguez v. Soler.

this should not be allowed. The motion to dismiss for lack of jurisdiction may possibly be considered as raising a question of form in this, that the bill as filed does not show Spanish domicil and therefore does not show jurisdiction by the court. A motion having been made to amend by inserting this allegation, it does not seem necessary to pass upon the point whether it is essential to have in the bill when filed this statement of Spanish domicil or not. In point of fact, while not originally alleged it is to be considered as now in the bill by amendment. There is no reason why jurisdictional facts should not be inserted by amendment before hearing just as any other fact.

The pleadings therefore being now correct from any point of view, the question comes up whether the evidence shows a lack of personal jurisdiction on account of nondomicil or whether domicil in Porto Rico is a proper inference. Upon consideration of the whole evidence offered, it seems to the court that the plaintiff had before 1912 a Spanish domicil and that this has not been changed. As a result, the motion to dismiss for lack of jurisdiction must be denied.

It is so ordered.