### GRANITE TRADING CORPORATION v. HARRIS.

### No. 3923.

Circuit Court of Appeals, Fourth Circuit.

Nov. 12, 1935.

Murray Allen, of Raleigh, N. C., for appellant.

H. G. Connor, Jr., of Wilson, N. C. (Connor & Hill and Finch, Rand & Finch, all of Wilson, N. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal in an action instituted in the court below by a corporation of the state of New York against an individual, one H. H. Harris, Sr., alleged to be a citizen of North Carolina. A motion to dismiss was allowed on the ground that the requisite diversity of citizenship was lacking, the court finding that the defendant was a citizen of the state of New York. The question presented by the appeal is the correctness of this finding, which involves a pure question of law, as the facts are not disputed and are contained in the testimony of defendant, which is as follows: "I was born in Wilson, N. C. and left there in 1898 and moved to New York City to accept a position with the American Tobacco Company. I was employed by the American Tobacco Company for a number of years. Later, I went with the P. Lorillard Company; became a Director and Vice-President thereof. While working for both of the companies above named, I traveled in several foreign countries and in various parts of the United States. I was married in New York City in 1913—my wife lived there, and our only child, a son, was born there. I retired in 1926 and resigned my positions with the Lorillard Company on account of the condition of my health and the health of my wife. After retiring, I traveled with my wife in various parts of the country, in an endeavor to restore her to health and recover my own health. She has been a helpless invalid for practically ten years. I and my wife have been living in Wilson, N. C. for the past several years, at the home of my sister, who is a widow and alone. I am a member, and have been since my childhood, of St. Timothy's Episcopal Church, Wilson, N. C. Our son attended Woodbury Academy in Virginia and has been attending the University of North Carolina, where he will graduate in June. Since I retired from active business, I maintained quarters at the Great Northern Hotel in the City of New York until about two years ago. I have an office at No. 120 Broadway, Equitable Building, in the general offices of Florentine & Company and my name is in the directory. All my business mail goes there and I have an agent there, Mr. D. C. Phillips, who looks after my affairs; takes care of my mail and personal business affairs, pays many of my bills. He is in the court room. I own stocks and bonds in New York; do not own any real estate in North Carolina or New York. I maintain a resident membership in the New York Athletic Club and pay dues as a resident member. I am also a resident member of the North Carolina Society of New York and of the Southern Society of New York. All notices of bills, dues, etc., for this club and these societies are sent to me in New York City. Until about two years ago, I spent over one-third of my time in New York City. I have been to New York only once during the past year on which trip I remained there six weeks while my son was in Europe. I have filed my federal income tax reports in the third district of the state of New York every year. I have filed state income tax reports each year in Albany. I have never filed a federal income tax report in North Carolina district. I have voted in New York City, in the past, but have not voted there since 1921; have never voted in North Carolina. My wife and I have remained in Wilson because I wanted to wait until our boy finished college and let him then decide where we should make our residence." Defendant was then asked, "Are you a resident of the state of New York?" and, over the objection of plaintiff, answered, "Yes."

It is clear from the above testimony that defendant has been living in North

Carolina, his native state, for two years or more with the intention of remaining there for an indefinite period, and without any fixed intention of returning to New York, the state of his last domicile, to make his home there. Under such circumstances, there can be no question but that he has acquired a domicile in North Carolina and has lost that in New York. Defendant's belief or desire that his legal domicile remain in New York is not enough. Beale, Conflict of Laws, vol. 1, p. 149. Residence animo manendi is determinative; and the animus manendi within the meaning of the rule is present where there is an intention of remaining in the new domicile for an indefinite period. The fact that there may be some floating intention of moving elsewhere later, or even of returning to the old domicile, does not prevent a new domicile being acquired in the meantime. Story, Conflict of Laws (7th Ed.) § 46; Minor, Conflict of Laws, §§ 60, 61; Beale, Conflict of Laws, vol. 1, p. 142; 19 C.J. 407; Ennis v. Smith, 14 How. 400, 422, 14 L.Ed. 472; Williamson v. Osenton, 232 U.S. 619, 624, 34 S.Ct. 442, 58 L.Ed. 758; Gilbert v. David, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360.

█ No better practical concept of a man's legal domicile can be obtained than from the untechnical definition of the Roman law, i. e., the place "from which when he goes away he seems to be wandering from home." Beale, Conflict of Laws, vol. 1, p. 124. Certainly appellee does not seem to be away from home when residing in Wilson, N. C., and, when he is away from Wilson, he seems to be away from home. For more than two years that has been his fixed place of abode, the place to which he intends to return when he goes away. While he may have the intention of moving elsewhere, if his son so decides upon graduation from college, he nevertheless intends to remain at Wilson as his fixed place of abode, not for a limited time or until certain purposes can be accomplished, but for an indefinite period; and this intention, coupled with his actual residence, makes this his legal domicile. The case, we think, is governed by what was said by Mr. Justice Wayne in Ennis v. Smith, supra, 14 How. 400, 423, 14 L.Ed. 472: "A removal which does not contemplate an absence from the former domicil for an indefinite and uncertain time is not a change of it. But when there is a removal, unless it can be shown or inferred from

circumstances that it was for some particular purpose, expected to be only of a temporary nature, or in the exercise of some particular profession, office, or calling, it does change the domicil. The result is, that the place of residence is prima facie the domicil, unless there be some motive for that residence not inconsistent with a clearly established intention to retain a permanent residence in another place."

For the reasons stated, we think it clear upon the admitted facts that Mr. Harris had changed his domicile from New York to North Carolina, and was a citizen of the latter state at the time that action was instituted against him. The diversity of citizenship necessary to the jurisdiction of the court below existed, therefore, and there was error in dismissing the action. The order appealed from will accordingly be reversed.

Reversed.