Bobby BRUMMETT, Plaintiff,

v.

Bobby MUSE, Defendant.

No. 251.

United States District Court
E. D. Kentucky,
at Richmond.

March 28, 1963.

---

Fritz Krueger, Somerset, Ky., for plaintiff.

Cecil C. Sanders, Lancaster, Ky., for defendant.

HIRAM CHURCH FORD, District Judge.

This is an action in which the jurisdiction of the Court is invoked on the ground of diversity of citizenship. The case is now submitted upon the motion of the defendant to dismiss the complaint on the ground that the plaintiff is and at the time this action was filed was a resident and citizen of the State of Kentucky and the Court lacks jurisdiction. The motion was assigned for hearing on this date and the parties agreed that the deposition filed by the defendant, taken as if on cross examination, be used by the Court as the entire evidence on the hearing of the motion.

The deposition of the defendant shows that at the time of the filing of this action on January 7, 1963, the plaintiff stated that he was residing at the home of his father in Monticello, Wayne County, Kentucky, where he has been residing with his family, consisting of his wife and three children, since he sustained the injuries described in the complaint. He testified, in substance, that at the time of his injuries he was residing in Norwood, Cincinnati, Ohio, where he was engaged in work and occupied a rented furnished apartment. He promptly found it necessary to remove to Kentucky for the treatment of his injuries and he surrendered his apartment in Ohio and took up his residence at the home of his father in Kentucky. He is registered to vote in Wayne County, Kentucky, where he voted once and, so far as is shown by the testimony, he has never voted elsewhere. The only one of his children who is of school age is in school in Wayne County, Kentucky. He filed his income tax return for 1962 in Kentucky. When he last resided in Ohio, he was employed at the Chevrolet plant of General Motors. He said his job is held for him and that he will take his family and go back again to Ohio "as soon as I am able". Of course, he does not undertake to fix any definite time for such return. In his complaint he alleges that his injuries sustained on June 8, 1962 "are both temporary and permanent" and that "his power to earn money has been permanently impaired" to his damage in the sum of $25,000.

The evidence shows that at the time of the institution of this action the defendant may have entertained a floating intention to return to his former home in Ohio at some future period, but his established residence was in reality in the State of Kentucky. He then had no definite place of abode in Ohio.

In the case of Gilbert v. David, 235 U.S. 561, 569, 35 S.Ct. 164, 166, 59 L.Ed. 360, the Court said: "If a person has actually removed to another place, with an intention of remaining there for an indefinite time, and as a place of fixed present domicile, it is to be deemed his place of domicile, not-

272

withstanding he may entertain a floating intention to return at some future period." This seems to be the established and governing rule in Kentucky and elsewhere. Baker v. Baker, etc., 162 Ky. 683, 706, 173 S.W. 109, L.R.A.1917C, 171.

Since it appears from the evidence that plaintiff at the time of the filing of this action was in fact residing in the State of Kentucky with the intention of remaining there for an indefinite time, he acquired a new domicile and, since his purpose to return to his former domicile in Ohio was and is merely a floating intention, dependent upon uncertainties in respect to his future ability to work, I am of the opinion that the plaintiff's domicile at the time of the filing of the complaint herein was in the State of Kentucky and the Court is without jurisdiction.

The defendant's motion to dismiss this case for lack of jurisdiction should be and is sustained, and it is so ordered.