Jarvis **FENDER**, Plaintiff,

v.

**GENERAL ELECTRIC COMPANY**, Inc., Defendant and Third-Party Plaintiff,

v.

**ASHEVILLE STEEL AND SALVAGE COMPANY**

and

**Hartford Accident and Indemnity Company**, Third-Party Defendants.

Civ. A. No. 2354.

United States District Court W. D. North Carolina, Asheville Division.

Oct. 26, 1966.

Riddle & Briggs, Asheville, N. C., for plaintiff.

Uzzell & DuMont, Asheville, N. C., for General Electric Co., Inc.

Williams, Williams & Morris, Asheville Williams, Williams & Morris, Asheville, N. C., for defendants, Asheville Steel and Salvage Co., and Hartford Accident and Indemnity Co.

MEMORANDUM OF DECISION

WARLICK, Chief Judge.

This case is before the court for hearing on motions for summary judgment

filed by each of the defendants, General Electric Company, Inc., original defendant and third-party plaintiff, and the Asheville Steel and Salvage Company and Hartford Accident and Indemnity Company, third-party defendants. It was heard at the summer session, 1966, at Asheville.

The action was originally laid in the Superior Court of Buncombe County, on March 18, 1965, being instituted by plaintiff against the General Electric Company, Inc., as the sole defendant.

Plaintiff seeks to recover damage in the sum of $50,000 from General Electric Company on allegations in effect that he was injured by the negligence of one Arnold Bryson, an employee, agent and servant of General Electric while plaintiff was engaged in working for his employer, the Asheville Steel and Salvage Company, in the erection of certain steel overhead beams and other installations on a steel construction project at the defendant's plant near Hendersonville, North Carolina. Plaintiff specifically alleging that Arnold Bryson was an employee of the defendant, General Electric, and was engaged as an electric welder at the time of plaintiff's alleged injury, which injury was proximately caused by Arnold Bryson's carelessness and negligence.

On April 8, 1965, the defendant General Electric Company, Inc., filed its petition for removal of said action to the United States District Court for the Western District of North Carolina at Asheville, on the grounds of a diversity of citizenship and the amount sought as a recovery,—by giving the required notice therefor and filing a bond for such removal as is required. The action then obviously came to this court. 28 U.S.C.A. § 1332.

Thereafter in the orderly process of bringing this cause to issue the defendant General Electric, filed its motions seeking to bring into the action the two third-party defendants, the Asheville Steel and Salvage Company and the Hartford Accident and Indemnity Company. Under an order of May 10, 1965, such motions were granted.

Later General Electric, defendant and third-party plaintiff, filed its answer to the complaint of plaintiff and immediately thereafter filed its complaint against the two third-party defendants. Progressively thereafter the third-party defendants, after being given an extension of time in which to answer or demur and otherwise plead, filed the answer to the cause of action. Whereupon plaintiff filed a demurrer to the third-party complaint and simultaneously moved to strike certain listed parts from the answer and cross action of the defendant, General Electric Company, Inc. Other pleadings likely appear in the file but are of necessity of no value to a decision in this cause.

From the above recitations as shown by the pleadings, the court makes the following

Findings of Fact:

Plaintiff was regularly employed by the Asheville Steel and Salvage Company on March 24, 1964, the date of his alleged injury, and had been so employed for some time. On the day of his injury he was engaged as a workman along with other employees of the Asheville Steel and Salvage Company, assisting in the erection of certain steel beams, under a written contract which his employer had entered into with the General Electric Company and which contract was being performed at the General Electric plant in Henderson County, North Carolina, in the Western District.

That Arnold Bryson with whom plaintiff was working at the time of his alleged injury was likewise an employee of the Asheville Steel and Salvage Company on March 24, 1964, and had been so employed for quite a number of years prior to that date, and was still working for the Asheville Steel and Salvage Company at the time of this hearing.

Arnold Bryson has never been employed by the General Electric Company, Inc., in any capacity or for any purpose

whatsoever, and in particular was not an employee of General Electric on March 24, 1964, when plaintiff claims he was injured and damaged.

That the work being done for the General Electric Company was under the terms of a written contract entered into by it with the Asheville Steel and Salvage Company, an independent contractor, and for a specified amount and with a completed date. That none of the employees engaged in the actual construction were employed by the General Electric Company in any particular whatsoever.

Both plaintiff and Arnold Bryson, with whom plaintiff was working, were employed solely by the Asheville Steel and Salvage Company; that plaintiff was injured through the negligence of Arnold Bryson, and as one of its employees sought compensation from the Asheville Steel and Salvage Company and its Workmen's Compensation carrier, the Hartford Accident and Indemnity Company.

In due time as his claim progressed it was determined that plaintiff had received a permanent partial disability of his back and right arm and subsequently his claim was compromised and adjusted by his employer, the Asheville Steel and Salvage Company and its indemnifying carrier in a one lump sum payment of $2,362.50; with a further stipulation that all medical bills theretofore incurred and approved by the Industrial Commission had been paid by the carrier, and with an additional stipulation that if there should remain any unpaid medical bills incurred prior to the date of the execution of the compromise agreement and which had been approved by the North Carolina Industrial Commission, that said carrier therein agreed additionally to pay same.

This compromise settlement was approved by the North Carolina Industrial Commission and a "Clincher Agreement of Settlement" dated May 8, 1965, was executed by all parties in interest, including plaintiff, and payment in full was made.

This action thereafter was filed against the defendant, General Electric Company, in which it was alleged in part as aforesaid, that Arnold Bryson was an employee of the General Electric Company; that his acts of negligence proximately brought about the injuries and damage which plaintiff suffered and sustained; and that Arnold Bryson was an agent, servant, and employee of the defendant, General Electric, and at all times was acting within the course and scope of his employment.

At the hearing plaintiff offered no evidence whatsoever in support of his allegations as to the employment of Arnold Bryson by any employer other than the Asheville Steel and Salvage Company, but on the contrary the affidavit of Arnold Bryson was offered in evidence, which affidavit indicated unquestionably that on March 24, 1964, the date of plaintiff's alleged injuries, that Bryson was employed by the Asheville Steel and Salvage Company, and had been for more than eight years prior to that time; and that he still continued to work for said company. That he has never been an employee of the General Electric Company in any capacity or for any purpose whatsoever.

On these findings of fact, as Rule 52 would require, I now state separately my

Conclusions of Law:

■ All the evidence heard and the Findings of Fact based thereon shows without question that plaintiff and Arnold Bryson were both employees of the Asheville Steel and Salvage Company and that the Asheville Steel and Salvage Company and its employees were subject to and bound by the provisions of the North Carolina Workmen's Compensation Act.

■ I therefore find as a matter of law that plaintiff cannot maintain his action against the defendant, General Electric Company, for that his exclusive remedy is that which he first exercised against his employer, the Asheville Steel and Salvage Company, and its insurance

carrier for compensation as is provided in the North Carolina Workmen's Compensation Act. G.S. § 97–10.1; that this court is without jurisdiction to hear and determine the matter further under the Pleas in Bar filed by the defendants. Gilbert v. David, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360; Prack v. Weissinger, 4 Cir., 276 F.2d 446.

And finally that the motions by the defendant and the third-party defendants for Summary Judgment and the dismissal of plaintiff's action are granted. Burgess v. Gibbs, 262 N.C. 462 (467), 137 S.E.2d 806.

Counsel will prepare decree.