Richard **BRADLEY**

v.

**Michael J. ZISSIMOS, et al.**

**Civ. A. No. 88–8529.**

United States District Court,
E.D. Pennsylvania.

Oct. 3, 1989.

Thomas S. Farnish, Deutsch & Larrimore, P.C., Philadelphia, Pa., for plaintiff.

Peter J. Hoffman, Philadelphia, Pa., for Michael J. Zissimos.

Basil A. DiSipio, George J. Lavin, Jr. Associates, Philadelphia, Pa., for Smith Jones, Inc. Allith Division.

Joanne R. Jenkins, Thompson and Pennell, Philadelphia, Pa., for Kennametal, Inc.

MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff filed this personal injury suit in November of 1988. The defendants in this action are Michael J. Zissimos and John Zissimos, Pennsylvania citizens, and Kennametal, Inc. and Smith Jones, Inc., incorporated in Pennsylvania and Illinois, respectively. In his complaint, plaintiff Richard Bradley claimed that he was a citizen of the state of New Jersey, and invoked diversity jurisdiction.

Soon after the complaint was filed, the Zissimoses moved for dismissal on the ground of improper venue; that motion was joined by Smith Jones. On January 18, 1989, before resolution of the pending dismissal motion, plaintiff moved to withdraw the action without prejudice, claiming that in fact plaintiff was a Pennsylvania citizen, and that there was no diversity jurisdiction. On January 23, 1989, before

any response to plaintiff's motion was filed by defendants, I entered an order granting plaintiff's motion, and dismissed the complaint without prejudice.

On February 1, 1989, Smith Jones filed a motion for reconsideration of the January 23, 1989 order, contending that there was insufficient information on the record to support plaintiff's claim of Pennsylvania citizenship. This motion was joined by the Zissimoses. On February 27, 1989, I entered an order rescinding the January 23, 1989 order and allowing limited discovery on the issue of jurisdiction. Bradley was deposed soon after.

For the reasons which follow, I conclude that Bradley is a Pennsylvania citizen and hence that there is no diversity.

Plaintiff has lived in Woodbury, New Jersey, since the fall of 1986, soon after he began his studies at Temple Law School. Smith Jones Memorandum, Bradley Deposition (hereinafter "Deposition"), p. 7. In his motion for withdrawal, plaintiff stated:

> In preparation of a response to Defendant's Motion for Improper Venue, it became apparent to Plaintiff's Counsel that Richard Bradley does not possess the necessary intent to be a domiciliary of the State of New Jersey. Mr. Bradley was born and raised in Pennsylvania; continues to maintain a permanent address in Pennsylvania; pays income taxes to the Pennsylvania Department of Revenue; possesses a valid Pennsylvania Motor Vehicle driver's license; and upon graduation from Temple University School of Law, intends to return to and become a resident of the Commonwealth of Pennsylvania.

Plaintiff's Memorandum in Support of Motion to Withdraw, p. 2. The deposition of Bradley revealed that Bradley attended Temple University for his undergraduate studies, and lived in Philadelphia, either in campus or fraternity housing, until his graduation in 1985. Deposition, pp. 7–9. He lived in Philadelphia until he began law school in 1986. *Id.* He moved to the New Jersey apartment, with a friend, after starting law school. *Id.* at 10. Bradley's lease of the New Jersey apartment runs through October 1989 and he intends to honor his lease, even after completing his studies at Temple Law School,[1] unless he obtains a "great job." *Id.* at 20. It was also revealed during plaintiff's deposition that he uses the New Jersey address on his Pennsylvania driver's license, and for receipt of his bank statements and tuition bills. *Id.* at 11, 16. The "permanent" address on file with Temple University, and to which financial-aid information is sent, is his grandmother's Pittsburgh address.[2] *Id.* at 17.

The fact that a person resides in a particular state is not, by itself, determinative of citizenship for the purpose of federal court jurisdiction. *Gilbert v. David,* 235 U.S. 561, 569–70, 35 S.Ct. 164, 166–67, 59 L.Ed. 360 (1914); *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir.), *cert. denied,* 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974). As a general matter, what establishes citizenship is residence coupled with an intention to make the state of residence one's home, either permanently or indefinitely. *Gilbert, supra; Mas, supra.*

Bradley has stated that he intends to return to Pennsylvania.[3] Plaintiff's Response, Affidavit of Richard Bradley ¶¶ 9–10. He has maintained significant ties with

---

1. The record shows Bradley enrolled as a full-time student. Thus, his anticipated graduation date would have been spring of 1989.

2. Mr. Bradley was born and raised in Pennsylvania. Plaintiff's Response, Affidavit of Richard Bradley, ¶ 1. When Bradley's parents moved from the Pittsburgh area to Florida in 1987, he switched his permanent address to his grandmother's address. Deposition, pp. 11, 16.

3. It is generally presumed that a student who attends a university in a state other than the

student's "home" state intends to return "home" upon completion of studies. *Lyons v. Salve Regina College,* 422 F.Supp. 1354, 1357 (D.R.I. 1976), *rev'd on other grounds,* 565 F.2d 200 (1st Cir.1977). It is in the light of this presumption that courts evaluate evidence which might, standing alone, indicate a contrary intention. *See, e.g., Lyons, supra; see also,* Moore, Federal Practice, ¶ 0.74[6–3] ("If the intention is to leave the state upon completion of schooling, the existence of various indicia of domicile will not alter this conclusion").

Pennsylvania as a taxpayer, as a licensed driver, and as a Temple student. These indicia support his intent to return. In that light, leasing a New Jersey apartment and using his New Jersey address on his license and for the receipt of mail are not sufficient to rebut Mr. Bradley's expressed intent to resume residence in Pennsylvania.

Because it was Mr. Bradley's intention to live in New Jersey only temporarily, he is not a citizen of New Jersey, but of Pennsylvania. This court therefore has no jurisdiction over this matter, there being no diversity of citizenship between plaintiff and defendants Zissimos and Kennametal, Inc.

For these reasons, defendants' motion to reconsider the order of January 23, 1989, will be denied in an accompanying order.

### ORDER

For the reasons stated in the accompanying Memorandum, the motion of defendant Smith Jones, Inc. to reconsider the January 23, 1989 Order dismissing the case without prejudice is hereby DENIED. Defendants Zissimos' motion to dismiss is hereby DENIED as MOOT.