**William Wayne DEASY,**
**Plaintiff–Appellant,**

v.

**LOUISVILLE & JEFFERSON COUNTY METROPOLITAN SEWER DISTRICT, et al., Defendants–Appellees.**

No. 02–5452.

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 2002.

Before BOGGS and COLE, Circuit Judges; BATTANI, District Judge.*

## ORDER

Willard Wayne Deasy, proceeding pro se, appeals a district court judgment dismissing his civil complaint filed under federal question jurisdiction, *see* 28 U.S.C. § 1331, and diversity jurisdiction, *see* 28 U.S.C. § 1332. Deasy has also filed a motion for injunctive relief. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 19, 2001, Deasy filed his complaint which alleges that the 35 named Kentucky defendants participated in or encouraged the illegal establishment of sewer districts in violation of Ky.Rev.Stat. Ann. § 76.241. Specifically, Deasy complains that defendant Louisville and Jefferson County Metropolitan Sewer District ("MSD") engaged in the unlawful creation of sewer construction subdistricts by participating in a range of activities, including balloting schemes, collecting illegal fees, and defrauding property owners with unlawful right of acquisition and condemnation suits. Deasy sues the remaining defendants based upon accusations of

* The Honorable Marianne O. Battani, United States District Judge for the Eastern District of Michigan, sitting by designation.

wrongdoing in connection with MSD's allegedly illegal actions.

Deasy alleges that his damages will exceed $40,000 and could result in the failure of his business, and that defendant MSD has potentially pulled off a billion dollar scam. He claims residence in Portland, Tennessee, but lists Louisville, Kentucky, for his mailing and business address. All named defendants are Kentucky citizens or entities.

The multiple defendants filed motions to dismiss and Deasy filed a motion for appointment of counsel. The district court denied Deasy's motion for counsel and granted the motions to dismiss after concluding that subject matter jurisdiction was lacking. This timely appeal followed.

We review de novo a district court's judgment dismissing a complaint for lack of subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1). *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990). When the defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction. *See id.* The district court's factual findings made in resolving a motion to dismiss are reviewed for clear error while its application of the law to the facts is reviewed de novo. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir.1996).

Upon review, we conclude that the district court's finding that Deasy was domiciled in Kentucky is not clearly erroneous. To maintain a diversity action, the amount in controversy must exceed $75,000 and the parties must be citizens of different states. *See* 28 U.S.C. § 1332. To establish the "citizenship" required for diversity jurisdiction, Deasy must show more than mere Tennessee residence. He must show that Tennessee is his domicile. *See Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir.

1973). To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere. *See Gilbert v. David*, 235 U.S. 561, 569–70, 35 S.Ct. 164, 59 L.Ed. 360 (1915); *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990).

■ The record in this case reveals that Deasy's purported Tennessee residence is one-half of his sister's duplex, while he owns the home where he lives when in Kentucky. Although he has changed his voter registration to Tennessee, Deasy has yet to vote in Tennessee and voted regularly in Kentucky prior to the registration change. His daughter attends school in Kentucky and has never attended school in Tennessee. At best, Deasy is physically present in Tennessee only on weekends, and he admits that his trips there have become increasingly infrequent. Although he inherited a house and property in Tennessee, he currently rents the home to another. In sum, Deasy presented no evidence inconsistent with a present Kentucky domicile. Thus, diversity jurisdiction is lacking.

■ Moreover, Deasy's complaint cannot otherwise be construed to raise a federal question. *See* 28 U.S.C. § 1331. Deasy alleges two potential bases for federal question jurisdiction: mail fraud and racketeering. Mail fraud is a criminal offense for which there is no private right of action. *See Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997). Therefore, Deasy's first possible basis for federal question jurisdiction must fail. Moreover, Deasy did not plead his allegations of mail fraud with sufficient particularity to state a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–

68.  *See Blount Fin. Servs., Inc. v. Walter E. Heller & Co.,* 819 F.2d 151, 153 (6th Cir.1987).  Therefore, Deasy's second possible basis for federal question jurisdiction must also fail.

Finally, the district court did not abuse its discretion by denying Deasy's motion for the appointment of counsel. *See Lavado v. Keohane,* 992 F.2d 601, 605–06 (6th Cir.1993).  Appointment of counsel is appropriate only in exceptional cases with complex factual and legal issues.  *Id.* at 606.  No exceptional circumstances exist in this case.

Accordingly, the motion for injunctive relief is denied, and the district court's judgment is affirmed.  Rule 34(j)(2)(C), Rules of the Sixth Circuit.