## GALLAGHER v. PHILADELPHIA TRANSP. CO.

No. 10241.

United States Court of Appeals
Third Circuit.

Argued Oct. 19, 1950.

Decided Dec. 4, 1950.

Donald J. Farage, Philadelphia, Pa. (Richter, Lord & Farage and Elias Magil, all of Philadelphia, Pa., on the brief), for appellant.

Harold Scott Baile, Philadelphia, Pa. (Jay B. Leopold, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and KALODNER and HASTIE, Circuit Judges.

544

HASTIE, Circuit Judge.

The issue in this case is whether the plaintiff is a citizen of Pennsylania or Oregon, within the meaning of Section 1332 of the Judicial Code, 62 Stat. 930 (1949), 28 U.S.C.A. § 1332. If she is a citizen of Pennsylvania, there is no diversity of citizenship between her and the defendant, a Pennsylvania corporation, and hence, there is no federal jurisdiction over the controversy.

The action is for personal injuries alleged to have been sustained by the plaintiff as a result of the negligence of the defendant, Philadelphia Transportation Company.

At the termination of the plaintiff's evidence, and again at the close of all the evidence, the defendant moved for a directed verdict on the ground that the court lacked jurisdiction. The court reserved decision, and the jury rendered a verdict in favor of the plaintiff, on which judgment was entered. Defendant then filed a motion for judgment in accordance with Rule 50 (b). Fed.Rules Civ.Proc., Rule 50(b), 28 U.S.C.A. On this motion, the court made findings of fact, and concluded that there was no diversity of citizenship. It therefore ordered that the judgment for the plaintiff be set aside and the action dismissed on the ground that it had no jurisdiction. From this order, the plaintiff appeals.

The only evidence offered by either party on the issue of the citizenship of the plaintiff is the plaintiff's own oral testimony, on pretrial depositions and at trial, and an affidavit attested by her, prepared and filed subsequent to trial.

This evidence shows that plaintiff, her husband, and two children by a former marriage came to Philadelphia from California in 1944. Their intention was "to take up life anew in a new area". Plaintiff and her husband took permanent positions. They lived in Philadelphia continuously thereafter until December 1947. In the early part of 1946, plaintiff's husband was convicted of a felony and sentenced to prison for five to ten years. He is still incarcerated in a Pennsylvania prison.

Plaintiff had lived in Oregon during childhood. In October 1946, she had her brother take her two children to his home in Forest Grove, Oregon. Plaintiff testified that at that time, she intended to go to Oregon and make her home there as soon as it was determined whether a parole petion could be filed for her husband. In the meantime, she remained in Philadelphia working in a restaurant and living in a rented room.

On July 8, 1947, plaintiff was injured in the accident which gave rise to this action. She was hospitalized for seven weeks. After her release, she stayed in various furnished rooms in Philadelphia rooming houses.

In December 1947, she went to Forest Grove, Oregon. According to her testimony, her intention in removing to Oregon was to make her home there with her children, in the home of her brother, his wife, and their child. She has lived in that home in Oregon ever since, with the exception of a period of time from February to September 1948, when it was necessary for her to take her younger child to Los Angeles, California for hospital treatment in that city.

This suit was filed July 9, 1948. The plaintiff alleged in her complaint that she was a citizen of Oregon. She has at no time returned to Pennsylvania except for the purpose of the trial of her case. She left no business interests or property in Pennsylvania. She retained no voting residence there. She has not even visited her husband at his place of incarceration in Pennsylvania since her removal to Oregon in 1947.

The only evidence which on its face might cast any doubt upon the legal consequences of this conduct was testimony that plaintiff consulted her attorneys before moving to Oregon and they approved this course of action; that after she went to live in Oregon she was at times uncertain whether she would remain there or remove to California; and that from time to time she considered the possibility of returning to her husband when he should be released

from prison. Finally, although in her testimony she repeatedly expressed her intention to make Oregon her home, she did respond to a cross examiner's questions about her "visit" to her brother with answers in which she used the same idiom.

The district court, on the basis of these facts found that it was without jurisdiction. After reviewing the evidence, the court "finds as a fact [1] that plaintiff is a resident and inhabitant of the Commonwealth of Pennsylvania * * * [2] that plaintiff was a resident and inhabitant of Pennsylvania on July 9, 1948, the date of the commencement of this action * * * [3] that plaintiff was domiciled in Pennsylvania from September, 1944 * * * [4] that plaintiff has never formulated any intention of residing permanently elsewhere * * * [5] that the absence of plaintiff from Pennsylvania is in her mind temporary and depends upon matters connected with the pending litigation * * * [and 6] that plaintiff entertains a fixed intention to return to Philadelphia, Pennsylvania, and remain there permanently as soon as conditions make it, in her opinion, desirable."[1]

█ The court recognized that plaintiff was free to establish her domicile in any place she chose after the incarceration of her husband for felony in Pennsylvania. Restatement, Conflict of Laws (1934) § 28. It stated the applicable rule of law to be

that domicile may be changed by personal presence in the new state, and an "abiding intention to make it home." "Her residence could not be changed without an abiding intention to live at a particular place elsewhere. The court has found that such an intention was never formulated by the plaintiff." Again, in its separate Findings of Fact and Conclusions of Law, the court stated: "Plaintiff has never since [September, 1944] * * * formulated any intention of residing permanently in California or Oregon or any other place, but has intended to and now intends to reside permanently in Pennsylvania."

There are two reasons why we think this case must be returned to the district court to make a new determination of the issues relevant to its jurisdiction.

█ First, the district court has, in our opinion, set too high a standard for the plaintiff. It is quite true that she has the burden of proving that the court has jurisdiction once this is challenged. McNutt v. General Motors Acceptance Corp., 1930, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Town of Lantana, Fla. v. Hopper, 5 Cir., 1939, 102 F.2d 118. But we are not sure that her proofs would not have met this burden if the court had not defined the necessary incidents to a change of domicile as it did.

---

1. These findings are incorporated in the court's opinion. Essentially the same findings are made in separate Findings of Fact and Conclusions of Law as follows:

"1. Plaintiff became domiciled in and was a citizen of Pennsylvania in September, 1944. Plaintiff ever since said date has been and now is domiciled in and is a citizen of the State of Pennsylvania."

"2. Plaintiff has never since said date formulated any intention of residing permanently in California or Oregon or any other place, but has intended to and now intends to reside permanently in Pennsylvania."

"3. Plaintiff's absence from Pennsylvania is temporary and depends upon matters connected with the pending litigation."

"4. Plaintiff entertains a fixed inten-

tion to return to Philadelphia, Pennsylvania, and remain there permanently as soon as conditions make it desirable, in her opinion."

"5. Plaintiff is a resident and inhabitant of the Commonwealth of Pennsylvania, and therefore a citizen of the State of Pennsylvania."

"6. Plaintiff was a resident, inhabitant and citizen of the State of Pennsylvania on July 9, 1948, the date of the commencement of this action."

"7. Defendant is a corporation incorporated under the laws of the Commonwealth of Pennsylvania and a citizen of the State of Pennsylvania."

"8. At the time of the institution of this suit and at the present time, plaintiff and defendant are both citizens of the State of Pennsylvania."

"9. This Court lacks jurisdiction of the subject matter of the suit."

In its opinion, the court posits the controlling considerations in fixing a domicile of choice as personal presence and an "abiding intention to make it home". In its attached Findings of Fact, the court refers to an intention of residing permanently in the new domicile. "Abiding" means "continuing" or "lasting".[2] Taken alone, this might mean merely that the court is insisting that the intention with respect to a particular locality be a serious one. But the substitution by the court of emphasis on the word "permanent" in its Findings indicates to us that the court was using "abiding" to exact the same standard, that is, that the plaintiff have had an affirmative intention permanently to attach herself to Oregon or California.

While we concede that there is a good deal of rather ambiguous talk in the cases, some of which might arguably be taken to support this position, we think that it is incorrect. The emphasis of the court on the permanence of the anticipated attachment to a state, in our opinion, required too much of the plaintiff.

There is substantial concurrence in the correctness of the negatively stated proposition that it is the absence of an intention to go elsewhere which is controlling. Gilbert v. David, 1915, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360; see Williamson v. Osenton, 1914, 232 U.S. 619, 624, 34 S.Ct. 442, 58 L.Ed. 758; Williams v. North Caro-

lina, 1942, 317 U.S. 287, 289 n., 63 S.Ct. 207, 87 L.Ed. 279. It is enough to intend to make the new state one's home. Restatement, Conflict of Laws (1934) §§ 19, 20; Chicago & Northwestern Ry. Co. v. Ohle, 1885, 117 U.S. 123, 6 S.Ct. 632, 29 L.Ed. 837. It is not important if there is within contemplation a vague possibility of eventually going elsewhere, or even of returning whence one came. Goodrich, Handbook of the Conflict of Laws (3rd ed. 1949) § 28; see Gilbert v. David, supra, 235 U.S. at page 569, 35 S.Ct. at page 166. If the new state is to be one's home for an indefinite period of time, he has acquired a new domicile. Mid-Continent Pipe Line Co. v. Whiteley, 10 Cir., 1940, 116 F.2d 871. Finally, it is the intention at the time of arrival which is important. The fact that the plaintiff may later have acquired doubts about remaining in her new home or may have been called upon to leave it is not relevant, so long as the subsequent doubt or the circumstance of the leaving does not indicate that the intention to make the place the plaintiff's home never existed. Shoaf v. Fitzpatrick, 6 Cir., 1939, 104 F.2d 290, certiorari denied 1939, 308 U.S. 620, 60 S. Ct. 295, 84 L.Ed. 518; Stockyards National Bank v. Bragg, 8 Cir., 1928, 293 F. 879. This seems particularly important here where it appears that plaintiff went to California only to secure adequate hospitalization for her child.[3]

---

2. Merriam-Webster New International Dictionary (1950 ed.), p. 4.

3. If it is true, as the plaintiff testifies, that she had on July 9, 1948, no present intention of returning to Pennsylvania, and if it is true, as the court seems to have found, that the plaintiff has formed no intention with respect to Oregon or California, then something very like the situation of the well known case of Pannill v. Roanoke Times Co. is presented. D.C.W.D.Va.1918, 252 F. 910. The court pointed out: " * * * the grant of jurisdiction to the federal courts is not of controversies between citizens of the United States domiciled in different states, but of controversies between citizens of different states. Beyond any doubt a question of domicile (in fact) is often determinative of the question of citizenship * * *; but it is a very

different thing to assert that a mere theoretical domicile, existing with intent never to return to it, is the same thing as citizenship. * * * " 252 F. at page 914. While a possible distinction between domicile and citizenship probably does not affect this case, it emphasizes, we think, the importance of weighing the facts indicating the plaintiff's domicile, or citizenship, against the correct standard of intention. For the most part, canvassing of the problem of the relationship between domicile and citizenship has been in the district courts. See, e. g., Messick v. Southern Pennsylvania Bus Co., D.C.E.D.Pa.1945, 59 F.Supp. 799; Baker v. Keck, D.C.E.D.Ill.1936, 13 F. Supp. 486; Cowell v. Ducas, D.C.S.D.N. Y.1942, 2 F.Supp. 1; cf. State ex rel. Phelps v. Jackson, 1907, 79 Vt. 504, 65 A. 657, 8 L.R.A.,N.S., 1245.

It is true that many cases have used the word permanent in explaining the requisite intention. But we doubt that these cases actually required so much. See e. g., Chicago & Northwestern Ry. Co. v. Ohle, supra. In view of this fact, we think it is proper for us to insist that the district court apply clearly what older precedents may have applied with less precision.

Moreover, one important finding of fact was clearly erroneous even by the district court's standards. There was no proper basis upon which the court could have found that the plaintiff intended to return to Philadelphia, Pennsylvania at the termination of the present litigation. Even if the court did not believe the plaintiff's testimony about her state of mind, some other evidence from which a contrary conclusion could be inferred was necessary to justify an affirmative finding that she intended to return to Philadelphia. There was no such evidence. To the contrary, plaintiff's relatively brief sojourn in Philadelphia and her frequently shifting residence during that three year period are undisputed circumstances which lend credibility to her contention that she left Pennsylvania without intention to return.

We can not know and shall not speculate how the question of domicile would have been decided if the court had correctly applied the rule that the intention to make a new home without decision that this home is "permanent" suffices for the acquisition of a new domicile of choice, and if the court had recognized that the evidence does not support a conclusion that plaintiff intended to reestablish her abode in Philadelphia. Therefore, we think it appropriate to remand the case to the district court for a retrial of the jurisdictional issue. If plaintiff prevails, the judgment on the verdict in her favor can stand. If defendant prevails the action will be dismissed.

The judgment of the district court will be vacated and the cause remanded for proceedings not inconsistent with this opinion.