**BERGER**

v.

**BERGER**

No. 11244

United States Court of Appeals

Third Circuit

Argued at Charlotte Amalie, Virgin Islands

January 26, 1954

Decided March 5, 1954

*See, also, 210 F.2d 403*

GEORGE H. T. DUDLEY, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

MAAS AND BAILEY, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before MARIS, WOODBURY and HASTIE, *Circuit Judges*

MARIS, *Circuit Judge*

This is an appeal by the plaintiff from an order of the District Court of the Virgin Islands dismissing his complaint in divorce for lack of jurisdiction. The order was based upon the court's conclusion that the evidence failed to establish that the plaintiff was domiciled in the Virgin Islands, which we have held to be a jurisdictional requirement under the law.[1] It is true that this rule is now under attack in the Supreme Court in our case of Alton v. Alton which is there pending on certiorari. The plaintiff in the present case, however, does not question the rule that domicile is necessary to jurisdiction in divorce but asserts that the evidence establishes that he is domiciled in the Virgin Islands. On this appeal he urges that the district court erred in failing to find this to be the fact and in dismissing his complaint for want of domiciliary jurisdiction.

 On an appeal from the District Court of the Virgin

[1] Burch v. Burch, 3 Cir., 1952, 2 V.I. 559, 195 F.2d 799; Alton v. Alton, 3 Cir., 1953, 2 V.I. 600, 207 F.2d 667, certiorari granted, 347 U.S. 911, 74 S. Ct. 478, 98 L. Ed. 1068 [see p. 699, this volume].

Islands we review the record de novo.[2] We accordingly turn to the evidence in the record bearing upon the plaintiff's residence. From that evidence it appears that the plaintiff is by profession an actor and singer. While studying in Italy he met the defendant whom he married on April 8, 1950 in Milan, Italy. They moved to the United States where they occupied an apartment in New York City until their separation on November 10, 1950. No children were born of the marriage. We note parenthetically that it seems clear that at that time the plaintiff's domicile was New York. The defendant left the United States sometime after November 10, 1950 and returned to Italy where she resided at the time this action was brought. Thereafter the plaintiff left New York and came to the Virgin Islands, arriving on February 21, 1953. He had been suffering from a stomach ulcer and hypertension and it was upon the advice of his physician that he decided to leave New York and come to live in the Virgin Islands which he looked upon as a growing community in which he could work. He contemplated that during the slack summer season in the Virgin Islands he might go for limited periods to other areas where he could obtain employment. He stated categorically that the Virgin Islands have met his expectations and that it was and still is his intention to make them his permanent home.

When the plaintiff arrived in the Virgin Islands he took up residence at Higgins Gate, where he was employed as an entertainer. Later he obtained employment at the Virgin Isle Hotel. On April 27, 1953, he instituted this divorce suit. The following day, nine weeks after his arrival, he left the Virgin Islands to fulfill professional engagements in Puerto Rico, the continental United States and Canada.

[2]Clen v. Jorgensen, 3 Cir., 1920, 1 V.I. 497, 265 Fed. 120; Soto v. United States, 3 Cir., 1921, 1 V.I. 536, 273 Fed. 628; People of Virgin Islands v. Price, 3 Cir., 1950, 2 V.I. 492, 181 F.2d 394; Callwood v. Kean, 3 Cir., 1951, 2 V.I. 526, 189 F.2d 565; Burch v. Burch, 3 Cir., 1952, 2 V.I. 559, 195 F.2d 799.

During this period he went to New York for a week to discuss some matters with his wife's lawyers. He returned to the Virgin Islands on November 23, 1953 and was again employed as an entertainer by the Virgin Isle Hotel which employment was continuing at the time that the district court dismissed his complaint. During this period he also gave benefit performances for several civic groups in the community, became a member of the local library and obtained a permanent automobile driver's license. He stated that he intends, when he has been in the Virgin Islands a sufficient length of time, to register as a voter in the Municipality of St. Thomas and St. John and that he expects in the future to open his own night club in the Virgin Islands. He paid his 1952 federal income tax to the collector in New York during March 1953. A rather searching questioning of the plaintiff by the judge of the district court failed to disclose any evidence that he has retained any connection with his former domicile in New York. It served, on the contrary, to emphasize that he has given up his former home and intends to make the Virgin Islands his headquarters for the indefinite future.

▉ Generally speaking, an individual is domiciled where he maintains a fixed home to which, whenever he is absent, he has the intention of returning.[3] Once acquired, a domicile continues until a new one is obtained.[4] But if an individual has abandoned his domicile by departing from his home there with the intention not to return to it as a home he acquires a new domicile at the moment that he arrives at another place in which he then and there intends to make his home for an indefinite time in the future.[5] And

[3] Miller v. Miller, 1913, 67 Or. 359, 362, 136 Pac. 15, 16; United States ex rel. Devenuto v. Curran, 2 Cir., 1924, 299 Fed. 206, 209.

[4] Desmare v. United States, 1876, 93 U.S. 605, 610, 23 L. Ed. 959; Restatement, Conflict of Laws, § 23.

[5] White v. Tennant, 1888, 31 W. Va. 790, 8 S.E. 596; Williamson v. Osenton, 1914, 232 U.S. 619, 34 S. Ct. 442, 58 L. Ed. 758; De Young v. De Young, 1946, 27 Cal. 2d 521, 165 P.2d 457; Gallagher v. Philadelphia Transp. Co., 3 Cir., 1950, 185 F.2d 543; Restatement, Conflict of Laws, § 15.

such an individual may acquire a new domicile in the state or territory to which he has thus come with intent to make his home there even though he has not yet selected the precise habitation within that state or territory in which he expects ultimately to reside.[6] Moreover a domicile thus once acquired by an individual is not lost by a subsequent absence from the place of domicile, whether for business or pleasure, if the individual has a present and continuous intention not to make his home at the place visited but to return to his home in the place of original domicile.[7] The fact that such absences are frequent or lengthy makes no difference if the intent to return is ever present.[8]

■ Considering the evidence in this case in the light of these principles we are satisfied that it must be concluded that the plaintiff is and has been ever since February 21, 1953 domiciled in the Virgin Islands. For all the evidence supports a finding that on that date the plaintiff arrived in the Virgin Islands with the intention of making his home there for an indefinite future time. Such a finding might, of course, have been rebutted by such evidence indicating that the plaintiff had retained some connection with his former home in New York as would support an inference that he actually intended to return to that home after his divorce action was concluded. For the existence of such an intention would obviously negative the idea that he had decided to give up his New York home for a residence in the Virgin Islands. But there is not a scintilla of such evidence in this case although the plaintiff was searchingly examined on the subject of his domicile by the judge of the district court.

We regard the fact that the plaintiff paid his 1952 federal

[6]Winans v. Winans, 1910 205 Mass. 388, 91 N.E. 394, 28 L.R.A. (n.s.), 992; Restatement, Conflict of Laws, § 16.
[7]Mitchell v. United States, 1874, 21 Wall. 350, 88 U.S. 350, 22 L. Ed. 584; Restatement, Conflict of Laws, § 18.
[8]Pickering v. Winch, 1906, 48 Or. 500, 87 P.2d 763, 9 L.R.A. (n.s.), 1159; Alton v. Alton, 3 Cir., 1953 (2 V.I. 600), 207 F.2d 667, 671, footnote 11.

income tax in New York in March 1953 as being without significance in this connection since the tax accrued in 1952 while he was a resident of that state and it was quite logical for him to assume that it should be paid there. The fact, upon which the district court laid great stress, that the plaintiff left the Virgin Islands for seven months in 1953 to fulfill professional engagements and to attend to business matters elsewhere is likewise without significance with respect to the question of his domicile. A singer and actor frequently must travel from place to place to fulfill his professional engagements. But this does not mean that he either gains or loses a domicile by such temporary residence in other places. Since the law requires that he always have a domicile he necessarily retains his domicile at the last place where he has lived which he regards as his permanent home. In the case of the plaintiff in this action the evidence is clear that that place is the Virgin Islands. Since the plaintiff was domiciled in the Virgin Islands the district court had jurisdiction of his suit for divorce and should have considered it on its merits.

The order of the District Court will be reversed and the cause will be remanded with directions to reinstate the complaint and consider it on its merits.