Constance M. **HERZOG**, Plaintiff,

v.

Richard B. **HERZOG**, Defendant.

Civ. A. No. 39–71 Erie.

United States District Court,
W. D. Pennsylvania.

Nov. 16, 1971.

Richard E. Brandow, Bradford, Pa., for plaintiff.

Anthony H. Chambers, Murray R. Garber, Bradford, Pa., for defendant.

## OPINION

WEBER, District Judge.

This is an action by a plaintiff against her former husband for an accounting for her share of property held jointly with defendant during their marriage. Plaintiff claims jurisdiction by reason of diversity of citizenship and alleges that at the time of filing the complaint on May 17, 1971 she was a citizen of New York State residing at Olean, New York, and that defendant was a citizen of Pennsylvania residing in Bradford, McKean County, Pennsylvania.

Defendant has moved to dismiss the action for want of jurisdiction alleging that the plaintiff is a citizen of Pennsylvania and thus lacks the required diversity citizenship.

The court ordered the parties to submit evidentiary materials in support of their contentions for determination by the court under Fed.R. of Civ.P. 78.

An examination of the plaintiff's deposition, affidavits, exhibits and other evidentiary material presented in this action discloses the following facts: Plaintiff and defendant had been husband and wife residing in McKean County, Pennsylvania, together since 1936. In February 1970, plaintiff removed from the family domicile across the border into a nearby community in New York State without notice to defendant, concealed her whereabouts, and subsequently instituted a divorce action in Pennsylvania,

in which action she claimed Pennsylvania citizenship. A final decree of divorce was granted April 13, 1970.

Plaintiff remained in New York State until July 3, 1971 when she married defendant's brother and took up residence at his home in McKean County. The instant action was instituted May 17, 1971. Plaintiff's engagement to marry her present husband was formalized by the presentation of an engagement ring on June 4, 1971, her birthday.

The jurisdictional question presents no intricate or unusual rule of law, and both parties agree that the basic rule governing residence for purposes of diversity involves two factors, i. e., physical presence and intent. State of Texas v. State of Florida, 306 U.S. 398, 59 S.Ct. 563, 83 L.Ed. 817.

Defendant here asserts that the requisite intent to establish domicile in New York was not present, and that since both parties had been lifelong residents of McKean County, Pennsylvania, plaintiff's stay in New York was never accompanied by the intent to abandon her former Pennsylvania domicile and establish a new domicile.

The plaintiff resided in the State of New York for one and one-half years, during which time she procured a New York motor vehicle operator's license and automobile registration, auto insurance through membership in a New York automobile club, a lease on an apartment, and a local library card. It also appears, however, that: (1) while plaintiff asserted that one of her reasons for moving was that she had relatives in Buffalo, New York, she remained in close propinquity to her former and present homes, just across the state line in Olean, New York; (2) plaintiff kept her stocks and bank account in Bradford, Pa., in care of her attorney, (3) plaintiff remained on the Pennsylvania voter registration rolls and did not register as a voter in New York; (4) plaintiff continued to pay Pennsylvania taxes, while never placing herself on the New York tax rolls; (5) plaintiff did not work in New York State during her stay, and (6) during her stay, plaintiff made sundry trips back into Pennsylvania and to other places. Prior to the filing of this suit and prior to her formal engagement to marry her present husband she saw him socially on frequent occasions, both in Pennsylvania and New York.

Furthermore, little weight can be given to the fact that plaintiff acquired an operator's license and car registration in New York, since non-residents undertaking extensive stays in New York are obliged by law to obtain those licenses, a fact of which the plaintiff is fully cognizant, as evidenced in her deposition.

Jurisdictional statutes are to be strictly construed and the burden of proof is upon the plaintiff to affirmatively establish diversity of citizenship. 28 U.S.C.A. § 1332, Ramsey v. Mellon National Bank, 350 F.2d 874 [3rd Cir., 1965]. Although plaintiff may have departed Pennsylvania to escape abuse from her former spouse she has not affirmatively established a bona fide intent to establish and maintain a *domicile* in New York, but has merely complied with the minimum licensing requirements of nondomiciliary residents. Plaintiff has also not overcome the presumption in favor of an original or former domicile as against an acquired one, since that presumption falls only upon proof that is clear and convincing. Hamlin v. Holland, 256 F.Supp. 25 [E.D.Pa., 1966].

Therefore, since plaintiff had not established domicile in another state at the time of filing this action, defendant's motion to dismiss for lack of jurisdiction will be granted.