Lang **REYNOLDS**

v.

John L. **RANTA.**

**Civ. A. No. 57–73 Erie.**

United States District Court,
W. D. Pennsylvania.

Aug. 16, 1973.

**334**

Daniel Berger, Pittsburgh, Pa., for plaintiff.

Irving Murphy, Erie, Pa., for defendant.

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

KNOX, District Judge.

This action arose from a car-pedestrian accident at the corner of Sixth and Parade Streets in Erie, Pennsylvania. The plaintiff-pedestrian brought suit against the defendant-driver in this federal court alleging that plaintiff is a citizen of Pennsylvania and that the defendant is a citizen of Ohio. The defendant has moved to dismiss the action upon the grounds that defendant is a citizen of Pennsylvania and thus the requisite diversity of citizenship is lacking under 28 U.S.C. § 1332.[1] After deposition of the defendant on this matter,

the submission of briefs to this court and oral argument, we have determined that the necessary diversity jurisdiction is not present and therefore we must dismiss the action.

■ It is well established that the burden of proof to show that the federal court has jurisdiction of the case, including the required diversity of citizenship is upon the plaintiff who brings the action in federal court. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1930); Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939); Herzog v. Herzog, 333 F.Supp. 477 (W.D.Pa.1971); Krasnov v. Dinan, 465 F.2d 1298 (3d cir. 1972); Nelson v. Keefer, 451 F.2d 289 (3d cir. 1971).

■■ Citizenship for diversity jurisdiction purposes is dependent upon the domicile of the individual parties. Krasnov, supra, p. 1300, Note 1 of 465 F.2d. In determining change of domicile, two elements are necessary: First, he must take up residence at the new domicile; and second, he must intend to remain there. Krasnov, supra, p. 1300. This is not to state that the individual must not have the vague contemplation of eventually going elsewhere or even of returning to the state whence he had come, but merely requires that the new state be one's home for an indefinite period of time with an intention to remain. Gallagher v. Philadelphia Transportation Co., 185 F.2d 543 (3d cir. 1950).

■ In determining whether a party has intended to establish a domicile in the state to which he has moved, the circumstances such as house of residence, place of business, payment of taxes, exercise of his voting rights and his own declaration of domicile are a few of the indicators evidencing his domicile.

---

1. "*Diversity of citizenship; Amount in controversy; Costs.* (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States;
(2) citizens of a State, and foreign states or citizens or subjects thereof; and
(3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties."

Krasnov, supra, p. 1301 of 465 F.2d. These indicators may not be conclusive, however. Krasnov, supra, p. 1302; Chaney v. Wilson-Benner, Inc., 165 F.Supp. 64 (M.D.Pa.1958), but they do lend some guidance in the determination.

■ Turning to the merits of the case before us and applying the indicators of domicile, the following facts appear certain:

First, the defendant (who is unmarried) came to Erie, Pennsylvania in March of 1970 to work for General Electric and remained here until the present time.

Second, he has a leave of absence from General Electric and is presently enrolled at Penn State University as a graduate student.

Third, he votes, pays state and local income taxes, lives in residency and banks in Pennsylvania.

Fourth, he considers himself a citizen of Pennsylvania (Deposition of defendant, page 11.)

On the other side of the ledger, the defendant's parents live in Ohio, his driver's license and cars are registered in Ohio and he is registered for the selective service draft in Ohio.

Viewing the totality of the circumstances, it would appear that the defendant is a Pennsylvania domiciliary. It is not uncommon for one's parents to live in a different state than their grown child, nor is it uncommon for a person to be registered for the draft in the state where he grew up as a child and resided at age 18. As for the car registration and driver's license being from Ohio, it becomes apparent in the defendant's deposition that convenience of registering was the deciding factor even though it may have been improper under Pennsylvania law. In the totality of the circumstances before us, it is our belief that the defendant's domicile was Pennsylvania at the time of the filing of this action. Louisville, N. A. & C. Railway Co. v. Louisville Trust Co., 174 U.S. 552, 19 S.Ct. 817, 43 L.Ed. 1081 (1899); McNello v. John B. Kelly, Inc., 283 F.2d

96 (3d cir. 1960); Krasnov, supra, p. 1300 of 465 F.2d. The evidence is so clear and convincing as to warrant the finding of domicile here, and the overcoming of any presumption in favor of the former Ohio domicile over an acquired one. Herzog v. Herzog, supra; Hamlin v. Holland, 256 F.Supp. 25 (E. D.Pa.1966).

Although the plaintiff has not sustained his burden of showing diversity jurisdiction by the fair preponderance of the evidence, he is not out of court without a remedy since he has filed a protective action in the Court of Common Pleas of Erie County, Pennsylvania.