**Beatrice FAKTOR and Jules Faktor, her husband**

v.

**PHILADELPHIA MUNICIPAL WORKERS DISTRICT COUNCIL 33 HEALTH AND WELFARE FUND et al.**

**No. 76–1827.**

United States District Court, E. D. Pennsylvania.

Nov. 23, 1976.

Arthur L. Pressman, Philadelphia, Pa., for plaintiffs.

Paula R. Markowitz, Philadelphia, Pa., for defendants.

## OPINION

LUONGO, District Judge.

On June 28, 1976, plaintiffs instituted this suit against, inter alia, Philadelphia Municipal Workers District Council 33 (Union) and certain named individuals, Trustees of Union's Health and Welfare Fund, seeking a declaration of rights under a trust fund created for the benefit of Beatrice Faktor arising out of her employment with Union's Health and Welfare Fund. Jurisdiction is asserted to be based upon diversity of citizenship, 28 U.S.C. § 1332(a)(1). Defendants have moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss on the ground that the requisite diversity of citizenship is lacking. Under Rule 12(d), the matter may be determined before trial. The parties requested and were afforded the opportunity to conduct discovery bearing upon the motion. An affidavit and a deposition have been filed, forming the record upon which the findings hereinafter made are based.

In the complaint, plaintiffs allege that they are citizens of New Jersey and that all of the defendants are citizens of Pennsylvania. On July 1, 1976, Ronald M. Smith, one of the named Trustees, filed an affidavit asserting that, at the time this action was commenced and for a period of at least four years prior thereto, he had been a citizen of New Jersey. On August 18, 1976, Smith was deposed and the deposition has been filed (document No. 9).

If Smith's assertion of New Jersey citizenship is true, complete diversity is lacking and this court does not have diversity jurisdiction. *See generally Strawbridge v. Curtiss*, 7 U.S. (3 Cr.) 267, 2 L.Ed. 435 (1806); *Seyler v. Steuben Motors, Inc.*, 462 F.2d 181 (3d Cir. 1972). This would be so even if Smith had not been named as a defendant. Philadelphia Municipal Workers District Council 33 is an unincorporated labor association and as such is a citizen of the state of which each of its members are citizens. *United Steelworkers v. R. H.*

*Bouligny, Inc.,* 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965). Smith is an officer and member of District Council 33 and is an officer and trustee of its Health and Welfare Fund.

From the record which has been created, the following facts emerge:

Smith is employed by District Council 33 in Philadelphia. Until 1971, he had resided in Philadelphia and he also owned a summer home in Brigantine, New Jersey. In 1971, he moved to an apartment in Lansdale, Pennsylvania, where he lived for approximately one year while his new home in Brigantine, New Jersey, was being built. During that time, he sold the Philadelphia property and the Brigantine summer home. In June 1972 he moved into the new home at 202 North Roosevelt Boulevard in Brigantine where he has resided since and intends to remain.

Smith's office is in Philadelphia, and he commutes to work daily from his home in Brigantine. From time to time, his work requires him to stay overnight in the Philadelphia area. On such occasions, he usually stays at a motel in Maple Shade, New Jersey, although he has also stayed at a hotel or a motel in Philadelphia.

Smith is not registered to vote in New Jersey. He has not voted in an election for at least five years. He is affiliated with a Roman Catholic parish in Brigantine. His bank accounts are in Brigantine, although he retains a checking account in Philadelphia near his place of work. He does not own an automobile; one is provided for his use by the Union. He has a Pennsylvania driver's license which lists his Brigantine address as his residence. Because of his employment in Philadelphia, Smith pays Philadelphia wage tax and Pennsylvania state income tax. He pays property taxes in New Jersey. His federal income tax return lists his Brigantine address. His wife suffers from an acute illness and often returns to a Philadelphia hospital for treatment.

■ On the basis of these facts, I must determine Smith's citizenship. For diversity purposes, citizenship is equivalent to domicile, which consists of taking up residence with an intent to remain at that residence permanently or indefinitely. *Krasnov v. Dinan,* 465 F.2d 1298, 1300–01 (3d Cir. 1972). It is clear that Smith has established residence in Brigantine, New Jersey. Whether he has done so with the requisite intent is a question of fact to be determined with reference to such factors as his own declarations, his exercise of political rights, his tax payments, his place of business, etc. I am satisfied from the evidence, and I find as a fact, that Smith does intend to remain a resident of New Jersey permanently. Except on the rare occasions when his work demands otherwise, he commutes daily from his Brigantine home. He has established religious and financial ties there. He declares Brigantine to be his residence on official documents such as his driver's license (even though it is a Pennsylvania license) and tax returns. He is not registered to vote in New Jersey, but this fact is just one facet of his election during the past five years to forego the exercise of his political rights everywhere. His present connection with Pennsylvania is that he works in Philadelphia and pays Pennsylvania income taxes because of that employment. This does not distinguish him from any of the thousands of New Jersey citizens who are employed in, and daily commute to, communities in Pennsylvania. This is especially commonplace when a city the size of Philadelphia is located on the state's border. Citizens of the neighboring state are attracted to the city for employment and, conversely, persons living and working in the Philadelphia area frequently are attracted to change their permanent residence from Pennsylvania to New Jersey. The fact of employment in Pennsylvania is not of great significance here.

■ It is true, as plaintiffs contend, that, when a person changes his state of residence, there is a presumption of citizenship in favor of the original or former domicile. *See Reynolds v. Ranta,* 362 F.Supp. 333 (W.D.Pa.1973); *Herzog v. Herzog,* 333 F.Supp. 477, 478 (W.D.Pa.1971); *Hamlin v. Holland,* 256 F.Supp. 25, 27 (E.D.Pa.1966). That presumption has been overcome by the

clear weight of the evidence. Smith has sold his former home in Philadelphia. He lives the year around in a home which he built in Brigantine, New Jersey, realizing a lifelong desire. He has severed the ties with his former parish church and established ties with the new one in New Jersey. His connections with Pennsylvania have been terminated, with the exception of those still necessary for maintenance of his employment there. The fact that his wife continues to go to a Philadelphia hospital for treatment does not reflect an intention to hang on to Pennsylvania citizenship; it reflects nothing more than a desire to continue to receive treatment in the facility in the city where she had been treated in the past.

The burden of proof to establish the court's jurisdiction based on diversity of citizenship rests upon plaintiffs. *Krasnov, supra* at 1301. That burden has not been met. I find that defendant Ronald M. Smith is a citizen of New Jersey, as are plaintiffs. Since diversity of citizenship is lacking, the motion to dismiss this case for lack of jurisdiction will be granted.

The foregoing shall constitute the Findings of Fact and Conclusions of Law to the extent that they are required by Rule 52(a) of the Federal Rules of Civil Procedure.