**JOHN T. GRAMMER, Plaintiff**

**v.**

**ROBERT MELNIK, MARY ELIZABETH, FIRST BANK PUERTO RICO,
and GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 2007-73

District Court of the Virgin Islands

Division of St. Thomas and St. John

February 14, 2008

JOSEPH B. ARELLANO, ESQ., St. Thomas, U.S.V.I., *For the Plaintiff.*

NANCY D'ANNA, ESQ., St. John, U.S.V.I., *For the Defendants.*

GÓMEZ, *Chief Judge*

## MEMORANDUM OPINION AND ORDER

(February 14, 2008)

Before the Court is the motion of Plaintiff, John T. Grammer ("Grammer"), to remand the above-captioned case to the Superior Court of the Virgin Islands.

## FACTS

Robert Melnik and his wife, Mary Elizabeth Melnik (collectively "the Melniks"), resided at 11233 Silver Lake Road in Brighton, Michigan for fourteen years. The Melniks owned property located at 6A-6Y Estate Hansen Bay, St. John, Virgin Islands ("the property"). The Melniks decided to construct a home on that property to be their new residence. On or about June 24, 2005, the Melniks allegedly entered into a construction contract with Grammer to build a home on the property. The Melniks obtained a loan from First Bank of Puerto Rico ("First Bank") to finance the construction.

In July, 2006, the Melniks made plans to travel to St. John to move into their new home. That same month, Grammer requested a payment from the Melniks for what the Melniks understood were construction costs. First Bank refused Grammer's request. The Melniks requested an accounting from Grammer. The Melniks did not receive an accounting. Grammer then gave the Melniks an ultimatum: to make payment or the construction on the home would be discontinued. The Melniks did not make a payment for the construction to Grammer. Grammer ceased work on the home.

Thereafter, the Melniks contracted with Sunnyrock Design and Construction, Inc. to complete the home. In the latter months of December, 2006, the Melniks realized that they could not afford the continuing costs to pay the contractor. From February, 2007, to May, 2007, Robert Melnik visited St. John to work on the house. In May, 2007, he returned to Michigan. He returned to St. John in June, 2007. In August, 2007, Mary Melnik joined her husband in St. John.[1]

The Melniks own a business named Dealers Financial Services ("DFS") in Michigan. In contemplation of moving to St. John, the Melniks had sold a substantial portion of the assets of DFS.[2] The Melniks had also sold their home in Brighton, Michigan. Robert Melnik owned a

---

[1] Mary Melnik later returned to Michigan. (Mary Melnik Decl. ¶ 33, Nov. 19, 2007).

[2] According to Robert Melnik, some of the assets of DFS remain and the Melniks are able to continue operating DFS upon their return to Michigan. (Robert Melnik Decl. ¶ 33, Nov. 19, 2007).

home in South Lyon, Michigan, where Mary Melnik was residing in October, 2007.[3]

Grammer filed an action in the Superior Court of the Virgin Islands naming the Melniks, the Government of the Virgin Islands, and First Bank Puerto Rico as defendants. In his complaint, Grammer alleged that he was a citizen of St. John, United States Virgin Islands, and that the Melniks were citizens of the state of Michigan.

On April 30, 2007, the Melniks filed a notice of removal to this Court based on diversity jurisdiction. Grammer now seeks remand of the case to the Superior Court arguing that Robert Melnik is a citizen of the Virgin Islands and, as such, there is no diversity jurisdiction.

## DISCUSSION

An action may be removed to federal district court if the district court would have original jurisdiction over the action. *See* 28 U.S.C. § 1441(a); *Feuerzeig v. Innovative Communication Corp.*, 174 F. Supp. 2d 349, 352 (D.V.I. 2001). A district court has original jurisdiction over civil cases where there is diversity of citizenship and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

A court will remand a removed case "if at any time before final judgment, it appears that the district court lacked subject matter jurisdiction." 28 U.S.C. 1447(c). Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir. 1985). The removing party has the burden of establishing federal jurisdiction. *See Feuerzeig*, 174 F. Supp. 2d at 353 (quoting *Gateway 2000, Inc. v. Cyrix Corp.*, 942 F. Supp. 985, 989 (D.N.J. 1996) ("When considering a motion to remand, the removing party has the burden of establishing the propriety of the removal.").

To meet the jurisdictional requirement for federal subject matter jurisdiction, the diversity must be complete. *Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1142 (3d Cir. 1972). In other words, "no plaintiff can be a citizen of the same state as

---

[3] At her deposition, Mary Melnik testified that she currently resided at the South Lyon home. She further testified that she had resided at that home for the past year. (Mary Melnik Dep. 7:2-8:21, Oct. 5, 2007).

any of the defendants." *Id.* Citizenship is determined by a party's domicile. *See Frett-Smith v. Vanterpool*, 48 V.I. 402, 406 (D.V.I. 2006) (citing *Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) ("Citizenship for the purpose of establishing diversity jurisdiction is the same as domicile.")). Domicile, in turn, is determined by physical presence or residence in a state, combined with an intent to remain there indefinitely. *Juvelis*, 68 F.3d at 654.

## ANALYSIS

### A. Citizenship of Robert Melnik

 The Melniks contend that Robert Melnik never established a domicile in the Virgin Islands. Rather, the Melniks argue that Robert Melnik retained his Michigan domicile. The Melniks further argue that Robert Melnik's sole intention upon coming to the Virgin Islands was to complete the construction on the property to make it ready for rental. It is well-settled that "[a] domicile once acquired is presumed to continue until it is shown to have changed." *Korn v. Korn*, 398 F.2d 689, 691, 6 V.I. 296 (3d Cir. 1968) (quoting *Mitchell v. United States*, 88 U.S. 350, 353, 22 L. Ed. 584, 10 Ct. Cl. 120 (1875)). When a party opposing federal jurisdiction claims a change in domicile, that party bears the burden of producing sufficient evidence to rebut the presumption in favor of the established domicile. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 288 (3d Cir. 2006).

█ The Court considers several factors to determine a change of domicile: establishment of a home, place of employment, location of assets, registration of a car, and generally, the center of one's business, domestic, social and civic life in a jurisdiction. *Id.* Other factors to be considered may include location of bank accounts, location of spouse and family, driver's license and vehicle registration. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

█ Grammer points to several facts to indicate that Robert Melnik changed his domicile. First, Grammer points to the fact that Robert Melnik has remained in St. John for a lengthy period of time. However, lengthy absences from one's domicile are not indicative of a change in domicile if there is an intent to return. *See Berger v. Berger*, 210 F.2d 403, 405, 3 V.I. 477 (3d Cir. 1954) (noting that "a domicile thus once acquired by an individual is not lost by a subsequent absence from the place of

699

domicile, whether for business or pleasure, if the individual has a present and continuos intention not to make his home at the place visited but to return to his home in the place of original domicile.").

Grammer also points to the facts that Robert Melnik owns a truck that is registered in the Virgin Islands, and that there is furniture in the St. John home which the Melniks either bought in the Virgin Islands or shipped there. These facts, however, support the Melniks' contention that their presence in the Virgin Islands was to finish construction and prepare the house for rental.

■ Notwithstanding Grammer's assertions, all of the remaining facts point to Michigan as Robert Melnik's place of domicile: he has retained his bank accounts in Michigan; he has a vehicle registered there in his name; he does not have a Virgin Islands driver's license; he pays his taxes and vote in Michigan; his family resides in Michigan; and the majority of the furniture and family mementos are in his home in Michigan.

It is noteworthy that at the time Robert Melnik arrived in the Virgin Islands in February, 2007, the facts do not show that he had the intent to remain in the Virgin Islands. *See Gallagher v. Philadelphia Transp. Co.*, 185 F.2d 543, 546 (3d Cir. 1951) (noting that "it is the intention at the time of arrival which is important."). According to the Melniks, their intention to live in the Virgin Islands changed in 2006, long before Robert Melnik arrived in the Virgin Islands. The facts in this case do not override the presumption in favor of Robert Melnik's established domicile in Michigan.

## B. Citizenship of First Bank[4]

■ First Bank is named as a defendant in this matter. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c). First Bank's principal place of business is in Puerto Rico.[5] Accordingly, First Bank is diverse from Grammer.

---

[4] The citizenship of First Bank and GVI are not disputed.

[5] The parties do not provide First Bank's place of incorporation.

## C. Citizenship of GVI

■ GVI is also named as a defendant in this case. The Government of the Virgin Islands is not considered a citizen of a state for purposes of establishing diversity jurisdiction. *See Brown v. Francis*, 75 F.3d 860, 865, 33 V.I. 385 (3d Cir. 1996) (holding that the Virgin Islands Government could not be considered a citizen for purposes of establishing diversity jurisdiction). In the same vein, it cannot be said that GVI is a citizen of the Virgin Islands for purposes of defeating diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Grammer's motion to remand is **DENIED**.