OPINION
CHAGARES, Circuit Judge.
In 2010, Karen Capato filed an appeal challenging the District Court’s decision affirming the denial of social security benefits to her twin children (the “twins”) following the death of her husband, Robert Nicholas Capato (“Nick”). We vacated the District Court’s determination in part, but the Supreme Court reversed our decision and remanded the case for further review. We will now affirm the District Court’s decision.
I.
The factual and procedural history of this case was recounted in detail by the Supreme Court in its recent opinion remanding this ease to our Court. See As true v. Capato ex rel. B.N.C., — U.S. —, 132 S.Ct. 2021, 2025-27, 182 L.Ed.2d 887 (2012). The Supreme Court instructed *253 that “the law Congress enacted calls for resolution of Karen Capato’s application for [the twins’] insurance benefits by reference to state intestacy law.”[1] Id. at 2034. Thus, we will address two questions. First, we must determine which state’s law to apply. Second, we must decide whether that state’s intestacy law would allow the twins to receive benefits.
II. [2]
A.
To determine which state’s law applies, we ask where Nick was domiciled at the time of his death. The Government argues that the administrative law judge (“ALJ”) and District Court were correct to conclude that Nick was domiciled in Florida, where he lived for about three years immediately preceding his death. Capato argues that Nick was domiciled in Washington, the state where he was born and lived the majority of his life. Our decision turns on whether the ALJ’s decision was “supported by substantial evidence.” Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).
“[D]omicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely.” Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011). Intent to remain must be analyzed at the time of arrival in a new place: if a person is shown to have doubts about remaining in a new location after his arrival, those doubts are not relevant unless they indicate there was never an original intent to stay. Gallagher v. Philadelphia Transp. Co., 185 F.2d 543, 546 (3d Cir. 1950).
There was sufficient evidence for the ALJ to conclude Nick was domiciled in Florida. Nick’s business interests in Florida and the fact that his will was written under Florida law provide some indication of his intent, and his actual residence in Florida was prima facie evidence that Florida was his domicile. See Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir.1972). And while all the testimony concerning the Capatos’ intent to move to New Jersey was credited, the ALJ was free to decide that that evidence did not establish that Nick had a definite plan to leave Florida at the time he arrived from Colorado.
. B.
Because Nick was domiciled in Florida at the time of his death, we must “apply such law as would be applied in determining the devolution of intestate personal property by the courts of’ Florida. 42 U.S.C. § 416(h)(2)(A). Under Florida intestacy law, “[a] child conceived from the eggs or sperm of a person or persons who died before the transfer of their eggs, sperm, or preembryos to a woman’s body shall not be eligible for a claim against the decedent’s estate unless the child has been provided for by the decedent’s will.” Fla. Stat. Ann. § 742.17(4). Capato’s arguments to the contrary notwithstanding, § 742.17(4) clearly prevents recovery for the twins.
III.
For these reasons, we will affirm the District Court’s conclusion that the twins are not entitled to benefits under the Social Security Act.

. Under the law, a person is entitled to benefits if he or she is a "child” as defined by 42 U.S.C. § 416(e). See 42 U.S.C. § 402(d)(1).

. We have jurisdiction pursuant to 28 U.S.C. § 1291, and the District Court was granted jurisdiction by 42 U.S.C. 405(g).